IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

**FILED**

**February 22, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| PAUL D. SMITH, | ) |
| | ) |
| Plaintiff/Appellee, | ) |
| | ) |
| Vs. | ) |
| | ) |
| U.S. PIPE & FOUNDRY CO., | ) |
| | ) |
| Defendant/Appellant. | ) |
| | ) |
| and | ) |
| | ) |
| LARRY BRINTON, Director of the | ) |
| Division of Workman's Compensation | ) |
| TENNESSEE DEPARTMENT OF | ) |
| LABOR, SECOND INJURY FUND, | ) |
| | ) |
| Defendant/Appellee. | ) |

**FOR PUBLICATION**

HAMILTON CIRCUIT

HON. L. MARIE WILLIAMS,
JUDGE

NO. E1998-00306-SC-R3-CV

**For the Plaintiff/Appellee:**
**Paul D. Smith**
ROBINSON & ASSOCIATES
Samuel F. Robinson, Jr.
Keith A. Black
Chattanooga, Tennessee

**For the Defendant/Appellant**
**U.S. Pipe & Foundry Company**
THE FLEISSNER FIRM
Phillip A. Fleissner
David C. Nagle
Chattanooga, Tennessee

**For the Defendant/Appellee**
**Second Injury Fund**
Paul G. Summers
Attorney General & Reporter

E. Blaine Sprouse
Assistant Attorney General
Nashville, Tennessee

Kathleen W. Stratton
Assistant Attorney General
Nashville, Tennessee

# O P I N I O N

JUDGMENT OF TRIAL COURT
AFFIRMED.                                                    DROWOTA, J.

We granted the motion for review in this worker's compensation action to consider the following two issues: (1) whether the employer is entitled to an offset against the workers' compensation award of scheduled member benefits in an amount equal to fifty percent of the Social Security old age insurance benefits received by the

employee; and (2) whether permanent total disability benefits begin accruing on the date of injury or on the date of maximum medical improvement. After carefully examining the record and the relevant authorities, we conclude that the employer is not entitled to an offset for Social Security old age insurance benefits when an employee over sixty suffers a work-related injury that results in scheduled member benefits. We also conclude that permanent total disability benefits begin accruing on the date the employee attains maximum medical improvement rather than on the date the injury occurs. Consequently, we reject the findings of fact and conclusions of law of the Special Workers Compensation Appeals Panel and affirm the judgment of the trial court.

## BACKGROUND

The facts pertinent to the legal issues in this appeal are not disputed. The plaintiff, Paul D. Smith ("Smith") worked for the defendant, U.S. Pipe & Foundry Company ("U.S. Pipe") from November 12, 1956 through August 26, 1994. During this time, Smith sustained three work-related injuries, and as a result of these injuries, is now permanently and totally disabled.

The first injury occurred on February 28, 1991. The treating physician assessed a 15 percent permanent impairment to Smith's left leg, and pursuant to a non-court approved settlement, Smith was compensated for a 15 percent permanent disability to the leg. The second injury occurred on July 21, 1992. His treating physician assessed a 4.2 percent permanent impairment to Smith's right arm for this injury, and through another non-court approved settlement, U.S. Pipe paid Smith benefits in an amount equal to 4.2 percent to the right arm.

The subject of this appeal is the third injury which occurred on September 25,

1992. At the time this injury occurred, Smith was sixty-one years of age. The treating physician opined that Smith suffered a 25 percent permanent impairment to his right lower extremity as a result of this injury. With respect to this third injury, Smith attained maximum medical improvement on February 22, 1994, and Smith received his first payment of Social Security old age insurance benefits one week later, during the first week of March, 1994.

The trial court found that Smith suffered a 70 percent permanent disability to his right leg as a result of the September 25 injury. In accordance with the statutory directives relating to scheduled members, the trial court ordered U.S. Pipe to pay Smith 140 weeks of permanent disability benefits.[1] In addition, the trial court found U.S. Pipe liable to Smith for temporary total disability benefits from the date of the injury, September 25, 1992, until the date that he attained maximum medical improvement, February 22, 1994. Furthermore, the trial court found that the September 25 injury, in combination with the previous two injuries, had rendered Smith permanently and totally disabled. Because Smith was sixty-one years of age at the time the injury occurred, the trial court found that his benefits were capped at 260 weeks. See Tenn. Code Ann. § 50-60-207(4)(A)(i)(1999). Pursuant to Tenn. Code Ann. § 50-6-208(a), the trial court found the defendant, Second Injury Fund, liable for 120 weeks, the difference between 260 weeks, the amount of permanent total disability benefits to which a person over age sixty is entitled, and 140 weeks, the amount of the award against the employer.

The trial court next addressed the applicability of the statutory offset for Social Security old age insurance benefits. See Tenn. Code Ann. § 50-6-207(4)(A)(i) (1999). First, the trial court held that U.S. Pipe was not entitled to the offset. In so holding, the

---

[1] See Tenn. Code Ann. § 50-6-207(3)(A)(ii)(o)(1999)("For the loss of a leg, sixty-six and two-thirds percent (66⅔%) of the average weekly wages during two hundred (200) weeks.")

trial court observed that U.S. Pipe was liable only for the impairment resulting from the September 25 injury and that U.S. Pipe's liability for the injury to Smith's leg, a scheduled member, was governed by a specific statute. However, the trial court held that the Second Injury Fund was entitled to the offset because the Second Injury Fund was liable for permanent total disability benefits. The trial court allowed the Second Injury Fund an offset of fifty percent of the Social Security old age insurance benefits received by the employee.[2]

U.S. Pipe filed an appeal, and the case was referred to the Special Workers' Compensation Appeals Panel for findings of fact and conclusions of law. The only issue raised by U.S. Pipe in its appeal was the trial court's decision denying U.S. Pipe the statutory offset for Social Security old age insurance benefits. The Appeals Panel reversed the trial court and found that U.S. Pipe is entitled to the statutory offset of fifty percent of the Social Security old age insurance benefits received by Smith for the 140 weeks of benefits and that the Second Injury Fund is entitled to the fifty percent offset for the remaining 120 weeks. In its opinion, the Appeals Panel also stated that "benefits for permanent total disability begin to accrue as of the date of injury, not the date the injured worker reaches maximum medical improvement."

Thereafter, both Smith and U.S. Pipe filed motions asking this Court to review the Panel's decision. We granted the motions for review to consider whether the Appeals Panel erred both in concluding that U.S. Pipe is entitled to the statutory offset and in stating that permanent total disability benefits begin accruing from the date of injury rather than from the date on which the employee attains maximum medical

---

[2]The parties stipulated at trial that fifty percent was the appropriate offset "attributable to employer contributions" because employers contribute fifty percent to the FICA accounts of employees. We note that the parties' stipulation is consistent with our recent decision in McCoy v. T.T.C. Illinois, Inc., __ S.W.3d __ (Tenn. 2000).

improvement. For the following reasons, we reject the findings of fact and conclusions of law of the Special Workers' Compensation Appeals Panel and affirm the judgment of the trial court.

## STANDARD OF REVIEW

Appellate review of factual findings in a worker's compensation case is de novo upon the record of the trial court with a presumption that the findings of the trial court are correct. See Tenn. Code Ann. § 50-6-225(e)(2) (1999). Where, as in this case, questions of law are presented, appellate review is de novo without a presumption of correctness. Parks v. Tennessee Mun. League Risk Management Pool, 974 S.W.2d 677, 678 (Tenn. 1998); Nutt v. Champion Int'l Corp., 980 S.W.2d 365, 367 (Tenn. 1998); Presley v. Bennett, 860 S.W.2d 857, 858 (Tenn. 1993).

## SOCIAL SECURITY OFFSET

We begin our analysis with the relevant statute, Tenn. Code Ann. § 50-6-207(4)(A)(i) (1999), which provides, in pertinent part, as follows:

> [C]ompensation shall be paid during the period of the permanent total disability until the employee reaches sixty-five (65) years of age; provided, that with respect to disabilities resulting from injuries which occur after 60 years of age, regardless of the age of the employee, permanent total disability benefits are payable for a period of two hundred sixty (260) weeks. Such compensation payments shall be reduced by the amount of any old age insurance benefit payments attributable to employer contributions which the employee may receive under the Social Security Act, U.S.C., title 42, chapter 7, subchapter II, as amended.

This statute contains two directives which relate to workers over age sixty – the 260 week cap and the Social Security offset. The proper application and interpretation of this statute was first considered by this Court in Vogel v. Wells Fargo Guard Serv., 937

S.W.2d 856 (Tenn. 1996). In that case, we dealt specifically with the 260 week cap provision of the statute and held that "the 260 week cap set forth in Tennessee Code Annotated Section 50-6-207(4)(A)(i) applies to all injured workers over sixty who are awarded benefits under the Workers' Compensation statute for permanent partial or permanent total disability." Id. at 862. In so holding, we noted that our conclusion was "required to avoid an otherwise irrational result." Id.

In McIlvain v. Russell Stover Candies, Inc., 996 S.W.2d 179, 184-85 (Tenn. 1999), we applied this statute in the context of a worker over age sixty who had sustained a work-related injury resulting in a disability to a scheduled member. The employer in McIlvain claimed that under the statute, it was entitled to offset the employee's Social Security old age insurance benefits against her workers' compensation award. Furthermore, the employer argued that the employee should have been awarded benefits equivalent to forty percent of 260 weeks, the cap set in the statute for workers who are injured after age sixty, rather than benefits equivalent to forty percent of 400 weeks. In rejecting the employer's arguments, we observed that "[i]t is well-settled that '[w]hen the injury is to a scheduled member, the disability award is *exclusively* controlled by the impairment rating established by the General Assembly for that member.'" Id. at 185 (emphasis in original)(citations omitted). Accordingly, in McIlvain, we held that "Tenn. Code Ann. § 50-6-207(4)(A)(i) applies to workers over age 60 who suffer injuries to the body as a whole, whether permanent partial or permanent total, but not to such workers who suffer scheduled member injuries." Id. at 185 (emphasis added).

Therefore, in McIlvain, we specifically refused to apply Tenn. Code Ann. § 50-6-207(4)(A)(i) to workers, such as Smith, who sustain scheduled member injuries. While we perhaps dealt more specifically with the 260 week cap in McIlvain, the

-6-

Social Security offset at issue in this appeal is an integral part of Tenn. Code Ann. § 50-6-207(4)(A)(i). As previously stated, the offset is one of two directives that relate to workers over the age of sixty who are awarded compensation benefits. We have previously declined to apply one of the directives, the 260 week cap, to workers over the age of sixty who sustain scheduled member injuries, and we perceive no valid reason that would justify application of the other directive, the Social Security offset, to workers over the age of sixty who sustain scheduled member injuries. As we pointed out in McIlvain, "[w]hen the injury is to a scheduled member, the disability award is *exclusively* controlled by the impairment rating established by the General Assembly for that member." 996 S.W.2d at 179 (citations and quotations omitted). Accordingly, we hold that an employer of a worker over age sixty who sustains a scheduled member injury is not entitled to the statutory Social Security offset contained in Tenn. Code Ann. § 50-6-207(4)(A)(i).

Applying our holding to the facts in this case, we must reject the Appeals Panel's conclusion that U.S. Pipe is entitled to the statutory offset for Social Security old age insurance benefits. While U.S. Pipe is correct in pointing out that, unlike McIlvain, this case involves not only a scheduled member injury, but also a resulting finding of permanent total disability, U.S. Pipe fails to recognize that its own liability is limited to the award of 70 percent disability to the scheduled member which resulted from the September 25 injury. The Second Injury Fund is liable for the remainder of the compensation that is due for the permanent total disability under Tenn. Code Ann. § 50-6-208(a), which provides, in pertinent part:

> (1)(a) If an employee has previously sustained a permanent physical disability from any cause or origin and becomes permanently and totally disabled through a subsequent injury, such employee shall be entitled to compensation from such employee's employer or the employer's insurance company only for the disability that would have resulted from the subsequent injury, and such previous injury shall not be considered in estimating the compensation to which such employee may be entitled under this chapter from the employer or the employer's insurance company; provided, that in addition to such compensation for a

-7-

> subsequent injury, and after completion of the payments therefor, then such employee shall be paid the remainder of the compensation that would be due for the permanent total disability out of a special fund to be known as the "second injury fund" therein created.

(Emphasis added.) In <u>Minton v. State Indus. Inc.</u>, 825 S.W.2d 73 (Tenn. 1992), we explained that when a scheduled member injury combines with prior injuries to render the employee totally and permanently disabled, "[u]nder subsection (a) the employer is liable only for the disability that would have resulted from the subsequent injury without consideration of the first [injury]." <u>Id.</u> at 76. Accordingly, we held in <u>Minton</u> that the employer's liability was limited to the scheduled member injury.

Consequently, even though Smith is now totally and permanently disabled, under Section 208(a) and this Court's decision in <u>Minton</u>, U.S. Pipe is liable "only for the disability that would have resulted from the subsequent injury" which, in this case, is 70 percent disability to the right leg, a scheduled member, which is, as the trial court found, 140 weeks of benefits. <u>See</u> Tenn. Code Ann. § 50-6-207(3)(ii)(o) (1999). Accordingly, we conclude that the trial court correctly found that U.S. Pipe is not entitled to the statutory offset for Social Security old age insurance benefits.[3]

## ACCRUAL OF PERMANENT TOTAL DISABILITY BENEFITS

We next consider Smith's argument that the Appeals Panel erred in stating that permanent total disability benefits begin accruing on the date of the injury, September 25, 1992, rather than on the date Smith attained maximum medical improvement,

---

[3]We emphasize that Smith has not challenged in this appeal the trial court's decision to allow the Second Injury Fund the benefit of the statutory offset for Social Security old age insurance benefits, and our holding in no way affects that decision.

-8-

February 22, 1994.[4]  As we recently recognized,

> [o]ur Workers' Compensation Act classifies compensable occupational disabilities into four distinct classifications. These classifications are: (1) temporary total disability; (2) temporary partial disability; (3) permanent partial disability; and (4) permanent total disability.  This Court has previously recognized that each separate disability classification is independent and serves a specific compensation goal.

Davis v. Reagan, 951 S.W.2d 766, 767 (Tenn. 1997) (internal citations omitted). Temporary total disability "refers to the injured employee's condition while disabled to work by his injury and until he recovers as far as the nature of his injury permits . . . ." Redmond v. McMinn County, 209 Tenn. 463, 468, 354 S.W.2d 435, 437 (1962); see also Roberson v. Loretto Casket Co., 722 S.W.2d 380, 382 (Tenn. 1986). These benefits are paid for "the healing period during which the employee is totally prevented from working." Gluck Bros., Inc. v. Coffey, 222 Tenn. 6, 13-14, 431 S.W.2d 756, 759 (1968); see also Roberson v. Loretto Casket Co., 722 S.W.2d 380, 383 (Tenn. 1986). Temporary total disability benefits are terminated either by the employee's ability to return to work or the employee's attainment of maximum medical improvement. See Prince v. Sentry Ins. Co., 908 S.W.2d 937, 939 (Tenn. 1995); Lock v. Nat. Union Fire Ins. Co. of Pa., 809 S.W.2d 483, 488 (Tenn. 1991); Fagg v. Hutch Mfg. Co., 755 S.W.2d 446, 452 (Tenn. 1988); Jones v. Crenshaw, 645 S.W.2d 238 (Tenn. 1983); Simpson v. Satterfield, 564 S.W.2d 953, 955 (Tenn. 1978). When the period of temporary total disability ends, a determination can be made as to whether the work-related injury has resulted in a permanent disability. Id. If the employee remains

---

[4]We note that U.S. Pipe contends for the first time in this proceeding that the Appeals Panel's statement is correct and that permanent total disability benefits begin to accrue on the date of the injury. As explained above, we disagree with U.S. Pipe's argument and hold that the Appeals Panel's statement was erroneous. However, we also note that U.S. Pipe submitted proposed findings of fact and conclusions of law to the trial court which specifically stated that permanent total disability benefits "began to accrue on 2/22/94." In light of this assertion in the trial court, we note that as a matter of procedure, U.S. Pipe was barred from presenting a contrary argument on appeal. See Price v. Tennessee Prod. & Chem. Corp., 385 S.W.2d 301, 307-08 (Tenn. Ct. App. 1964) (stating that "[w]hen a cause is brought up for appellate review, a party cannot assume an attitude inconsistent with, or different from, that taken by him at the trial, and is restricted to the theory on which the cause was prosecuted or defended in the court below. Accordingly, where both parties act on a particular theory of the cause of action, they will not be permitted to depart therefrom when the case is brought up for appellate review. The same rule governs where the parties act on a particular theory of defense in opposition thereto. 4 C.J.S. Appeal and Error, § 241, page 719.")

disabled, permanent disability benefits begin accruing.

Applying these well-settled principles, we hold that the Appeals Panel erred in stating that permanent total disability benefits accrue from the date of injury. Indeed, the interpretation adopted by the Appeals Panel would effectively eliminate temporary total disability benefits from the statutory scheme. Clearly, temporary benefits begin accruing on the date of the injury, and permanent disability benefits, whether total or partial, begin accruing on the date that the employee attains maximum medical improvement. In this case, the trial court correctly held that the permanent total disability benefits began accruing on February 22, 1994, the date on which Smith attained maximum medical improvement.

## CONCLUSION

After carefully considering the relevant authorities, we conclude that the trial court correctly found that U.S. Pipe is not entitled to the statutory offset for Social Security old age insurance benefits. We also conclude that the trial court correctly found that permanent total disability benefits began accruing in this case from the date on which Smith attained maximum medical improvement rather than the date of the injury. Accordingly, we reject the findings of fact and conclusions of law of the Special Workers' Compensation Appeals Panel and affirm the judgment of the trial court.

_____
FRANK F. DROWOTA, III,
JUSTICE

**Concur:**
Anderson, C.J.
Barker, J. and Byers, Sp. J.

Birch and Holder, JJ. - Not Participating.