**James C. TUCKER**

v.

**FOAMEX, L.P.**

Supreme Court of Tennessee,
at Jackson.

Nov. 6, 2000.

P. Allen Phillips, Jackson, TN, for appellant, Foamex, L.P.

Jeffrey A. Garrety and Tandra R. Grisham, Jackson, TN, for appellee, James C. Tucker.

## OPINION

BIRCH, J., delivered the opinion of the court, in which ANDERSON, C.J., HOLDER and BARKER, JJ., joined.

In this workers' compensation case, James C. Tucker, a 59–year–old employee, sustained a compensable injury to his left shoulder. The trial court found that he had sustained a 92 percent permanent partial disability and granted him 368 weeks of benefits (92 percent of 400 weeks provided by statute for permanent partial disability to the body as a whole). The employer, Foamex, L.P., requested review, contending that Tucker was entitled to benefits only up to the age of 65 based on Tenn.Code Ann. § 50–6–207(4)(A)(i) and this Court's decisions interpreting that statute. The case was argued before the

Special Workers' Compensation Appeals Panel, but has been transferred, prior to issuance of a memorandum opinion, to the Supreme Court. The issue is whether an award of permanent partial disability benefits is subject to the age–65 limitation of Tenn.Code Ann. § 50–6–207(4)(A)(i). After due consideration, we hold that the age–65 limitation does not apply to employees under the age of 60 who sustain a permanent partial disability to the body as a whole. Accordingly, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

The facts are undisputed. On the date of the work-related injury, 59–year–old James C. Tucker had been employed by Foamex, L.P. for over 30 years. Tucker's injury occurred on May 8, 1998, when he fell while attempting to move a 175–180 pound "bun" of foam that was traveling off-center on a conveyer. As he fell, Tucker struck his left shoulder on a cart. He was subsequently diagnosed as having sustained a torn rotator cuff, and surgery was performed to repair the injured shoulder. Tucker reached maximum medical improvement on January 19, 1999 (seven days after his sixtieth birthday).

As a result of his injury, Tucker experienced continuing pain in his left shoulder, numbness and tingling in his left arm and hand, and numbness in the little, ring, and middle fingers of his left hand. This pain significantly interfered with his sleep and limited his daily activities.

Tucker obtained opinions from two orthopedic surgeons concerning his condition and degree of impairment. The first assigned a 19 percent anatomical impairment rating to the upper extremity, or 11 percent to the body as a whole. The second assigned an impairment rating of 27 percent to the upper extremity, or 16 percent to the body as a whole. Tucker was restricted to lifting 40 pounds or less and

was prohibited from performing overhead work.

The trial court found that Tucker was 92 percent permanently partially disabled.[1] The trial court rejected Foamex's argument that Tucker's award should be limited to the number of weeks from the date of maximum medical improvement to Tucker's sixty-fifth birthday. Instead, the trial court awarded 368 weeks of benefits (92 percent of 400 weeks). Thus, under the trial court's judgment, Tucker would continue receiving benefits for approximately two years after his sixty-fifth birthday.

## II. Standard of Review

The standard of review by this Court in workers' compensation cases is de novo upon the record, accompanied by a presumption of the correctness of the factual findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2) (Supp.1998); *Spencer v. Towson Moving and Storage, Inc.,* 922 S.W.2d 508, 509 (Tenn.1996). This case, however, involves questions of law. Thus, we are not bound by the preponderance of the evidence standard, and we review questions of law de novo without limitation. *Spencer,* 922 S.W.2d at 509; *Ridings v. Ralph M. Parsons Co.,* 914 S.W.2d 79, 80 (Tenn.1996).

## III. Analysis

We begin our analysis by noting that compensable injuries resulting in permanent partial disability to the body as a whole usually are governed by Tenn.Code Ann. § 50–6–207(3)(F). This statute states in pertinent part:

> All other cases of permanent partial disability not above enumerated shall be apportioned to the body as a whole, which shall have a value of four hundred (400) weeks, and there shall be

---

1. Foamex does not challenge on appeal the trial court's finding of a 92 percent perma-

nent partial disability to the body as a whole.

paid compensation to the injured employee for the proportionate loss of use of the body as a whole resulting from the injury.

This statute was the basis for the trial court's award in the pending case—368 weeks of benefits (92 percent of 400 weeks).

Foamex insists that the trial court erred in setting the award under Tenn.Code Ann. § 50–6–207(3)(F) and contends that Tucker is not entitled to any workers' compensation benefits beyond his sixty-fifth birthday because of Tenn.Code Ann. § 50–6–207(4)(A)(i) and this Court's decisions interpreting that statute. The statute provides in pertinent part:

> [C]ompensation shall be paid during the period of the *permanent total disability* until the employee reaches sixty-five (65) years of age; provided, that with respect to disabilities resulting from injuries which occur after sixty years of age, regardless of the age of the employee, permanent total disability benefits are payable for a period of two hundred sixty (260) weeks. Such compensation payments shall be reduced by the amount of any old age insurance benefit payments attributable to employer contributions which the employee may receive under the Social Security Act, U.S.C., title 42, chapter 7, subchapter II, as amended.

Tenn.Code Ann. § 50–6–207(4)(A)(i) (emphasis added).

In a series of cases beginning with *Vogel v. Wells Fargo Guard Serv.,* 937 S.W.2d 856 (Tenn.1996), the Court examined the scope of Tenn.Code Ann. § 50–6–207(4)(A)(i). In *Vogel,* a 73–year–old employee sustained a work-related injury which resulted in a permanent total disability. The employee challenged the 260–week provision imposed by Tenn.Code Ann. § 50–6–207(4)(A)(i) on awards of permanent total disability to employees over the age of 60. The employee argued that the 260–week provision was irrational be-cause an employee over the age of 60 who was permanently partially disabled could receive more benefits than an employee of the same age who was permanently totally disabled. We agreed that it was irrational to apply the provision to permanent total disability awards and not to permanent partial disability awards to employees over the age of 60. And while we rejected the result sought by the employee (to hold the statute unconstitutional and to award the employee "lifetime benefits"), we stated that "[i]n order to lend some rationality to the compensation scheme, we conclude that the 260 week cap set forth in Tenn. Code Ann. § 50–6–207(4)(A)(i) applies to all injured workers over sixty who are awarded benefits under the Workers' Compensation statute for permanent partial or permanent total disability." *Id.* at 862.

In *McIlvain v. Russell Stover Candies, Inc.,* 996 S.W.2d 179 (Tenn.1999), we addressed the question of whether Tenn. Code Ann. § 50–6–207(4)(A)(i) applied to an employee over the age of 60 who sustained a scheduled-member injury resulting in a 40 percent vocational disability to each arm. Russell Stover Candies, Inc. argued that the employee should have been awarded benefits equivalent to 40 percent of 260 weeks (the provision set out in Tenn.Code Ann. § 50–6–207(4)(A)(i)), rather than benefits equivalent to 40 percent of 400 weeks. *Id.* at 182–83. We rejected this argument, holding instead that the 260–week provision does not apply to awards for injuries to scheduled members but does apply to employees over the age of 60 who suffer injuries to the body as a whole, whether permanent partial or permanent total in nature. *Id.* at 185.

In two more recent cases, *McCoy v. T.T.C. Illinois, Inc.,* 14 S.W.3d 734, 736–37 (Tenn.2000), and *Smith v. U.S. Pipe & Foundry Co.,* 14 S.W.3d 739, 742–43 (Tenn. 2000), we reiterated our holdings in *Vogel* and *McIlvain.* Thus, the law is settled that awards for permanent partial disabili-

ty to the body as a whole and awards for permanent total disability are controlled by Tenn.Code Ann. § 50–6–207(4)(A)(i) when the employee is over the age of 60 when the injury occurs.

In none of our earlier cases, however, have we addressed the issue now before the Court. Foamex argues that our reasoning in *Vogel* should be extended to cover situations in which the employee: (1) is not over the age of 60 at the time of the injury; (2) is within 400 weeks of his or her sixty-fifth birthday at the time benefits become payable; and (3) sustains a permanent partial disability to the body as a whole, the extent of which otherwise would result in the payment of benefits past the age of 65. Foamex asserts that in such cases the phrase "compensation shall be paid during the period of the permanent total disability until the employee reaches sixty-five (65) years of age" should be construed by the Court to also include cases of permanent *partial* disability to the body as a whole. To illustrate, Foamex points out that Tucker sustained a 92 percent permanent partial disability to the body as a whole at the age of 59 and was awarded 368 weeks of benefits (which would be payable until he is approximately the age of 67). If Tucker had been permanently totally disabled, he only would have received benefits up until his sixty-fifth birthday pursuant to Tenn.Code Ann. § 50–6–207(4)(A)(i). Thus, he would have received less in benefits if he had been permanently totally disabled than he would receive for a permanent partial disability to the body as a whole. Foamex asserts that this result is comparable to the "irrational result" the Court found to exist in *Vogel.*

On the other hand, Tucker contends that Tenn.Code Ann. § 50–6–207(4)(A)(i) does not apply to this case. He asserts that *Vogel* and the cases that followed *Vogel* all pertained to employees over the age of 60 and involved either the question of whether the employee's award was limited by the 260–week provision set out in Tenn. Code Ann. § 50–6–207(4)(A)(i) or the question of whether the employer was entitled to the statutory offset for social security old age retirement benefits. He contends that Tenn.Code Ann. § 50–6–207(4)(A)(i) does not limit his permanent partial disability award to benefits payable only until his sixty-fifth birthday.

In considering the parties' contentions, we note that there are three separate parts to the portion of Tenn.Code Ann. § 50–6–207(4)(A)(i) quoted at the beginning of our analysis. The first part is the general provision stating that "compensation shall be paid during the period of the permanent total disability until the employee reaches sixty-five (65) years of age[.]" The second part is a provision establishing a 260–week duration for permanent total disability benefits to injured employees over the age of 60.[2] The third part provides for a statutory offset for social security old age insurance benefits.

Tucker correctly points out that *Vogel* pertained to the issue whether the 260 week provision in Tenn.Code Ann. § 50–6–207(4)(A)(i) also applies to permanent partial disability awards to employees over the age of 60 (the "second part" referred to in the preceding paragraph). Likewise, our decisions in *McIlvain, McCoy,* and *Smith* pertained to the application of the 260–week provision and the application of the social security old age retirement ben-

**2.** The parties have consistently referred to this 260 week period as a "cap" on benefits. However, it is important to note that the 260–week provision originally *extended* benefits for totally disabled workers over the age of 60 because it allowed them to receive five years (260–weeks) of benefits despite the age–65 limitation otherwise contemplated by the statute. The 260–week provision only becomes a

"cap" when it is applied to partially disabled workers over the age of 60, thus shortening the 400–week period of benefits normally available for permanent partial disability to the body as a whole. This use of the 260–week period as a "cap" comes not from the language of the statute itself, but from the expansion of the statute we created in *Vogel.*

efits offset provided for in the statute (the "second" and "third" parts referred to in the preceding paragraph). In the pending case, neither the 260 week provision nor the offset for social security old age retirement benefits is at issue.[3] The pending case only involves the "first part"—the phrase "compensation shall be paid during the period of the permanent total disability until the employee reaches sixty-five (65) years of age[.]" It is this phrase that Foamex asks the Court to apply to employees who are not over the age of 60 but are within 400 weeks of their sixty-fifth birthday at the time benefits for permanent partial disability to the body as a whole become payable.

We reject Foamex's contention that the reasoning in *Vogel* applies with equal force in the pending case. Our decision in *Vogel* was limited to the narrow issue of whether the 260–week provision for permanent total disability benefits for employees over the age of 60 also applied to permanent partial disability benefits for employees over the age of 60. Our subsequent decisions in *McIlvain, McCoy,* and *Smith* were similarly limited to the 260–week provision and the statutory offset. We decline to extend the reasoning in those cases beyond their limited scope because to do so effectively would require us to rewrite the statute and would substantially limit, without clear statutory authority, benefits to many partially disabled workers between the ages of 58 and 60. *See Lindsey v. Smith & Johnson, Inc.,* 601 S.W.2d 923, 925 (Tenn.1980) (stating that workers' compensation statutes "should be rationally but liberally construed to promote the Act's purposes of securing benefits to [covered employees]").

■ We hold that for an employee who is not over the age of 60 on the date of the injury but is within 400 weeks of his or her sixty-fifth birthday when benefits for permanent partial disability to the body as a whole become payable, Tenn.Code Ann. § 50–6–207(4)(A)(i) does not limit an award for permanent partial disability to the body as a whole to benefits payable only until the employee's sixty-fifth birthday. In such cases, the award is determined pursuant to Tenn.Code Ann. § 50–6–207(3)(F) (as was done by the trial court in this case).

The Court recognizes that under our holding some employees could receive a larger award for a permanent partial disability to the body as a whole than they would receive if they were found permanently totally disabled.[4] Moreover, we recognize that applying the statutes as written could place employers in the position of arguing that the worker is more disabled and the employee in the position of arguing that he or she is less disabled. (Had the employer in this case successfully argued that the employee was totally disabled, it would have avoided paying 109 weeks of additional benefits.) We faced a similar situation in *McIlvain* in the context of scheduled-member awards. As we stated in *McIlvain:*

> We can imagine a situation in which a worker over age 60 who sustains a permanent total disability or a permanent partial disability to the body as a whole receives a smaller award than a worker over age 60 who receives a

---

3. At one point in its brief, Foamex seems to argue that the 260–week provision of Tenn. Code Ann. § 50–6–207(4)(A)(i) applies to Tucker because his sixtieth birthday occurred prior to the date of maximum medical improvement. This argument is without merit—the statute provides that the 260–week provision applies to *"injuries which occur* after 60 years of age."* (Emphasis added.)

4. As a practical matter, it appears this situation could arise only in cases in which the employee is between 58 and 60 years of age. In cases involving younger employees, the employee would be more than 400 weeks from his or her sixty-fifth birthday when permanent partial disability benefits accrued; consequently, this issue concerning the interplay between Tenn.Code Ann. § 50–6–207(3)(F) and (4)(A)(i) would not arise. In cases involving workers who are 60 or older, *Vogel* applies and permanent partial disability awards are limited to 260 weeks of benefits.

permanent partial disability to a scheduled member. . . . As we noted in *Vogel,* however, "[i]t is the business of the legislature to pass new laws and modify existing ones."

McIlvain, 996 S.W.2d at 185 (quoting *Vogel,* 937 S.W.2d at 862). We said it in *McIlvain,* and we reiterate here that the legislature should consider addressing the anomalies resulting from applying the statutes as currently written.

## IV. Conclusion

In conclusion, the trial court did not err in basing its award for permanent partial disability to the body as a whole on Tenn. Code Ann. § 50–6–207(3)(F). For employees who are not over the age of 60 at the time of their injuries but are within 400 weeks of their sixty-fifth birthday when permanent partial disability benefits become payable, Tenn.Code Ann. § 50–6–207(4)(A)(i) does not limit an award for permanent partial disability to the body as a whole to benefits payable only until the age of 65. Accordingly, we affirm the judgment of the trial court. The costs are taxed to Foamex, L.P.

DROWOTA, J., not participating.