Clifford **GOOLESBY**

v.

**ABB C-E SERVICES, INC.**

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel.

Sept. 10, 2002.

———

Jeffrey Lawrence Cleary, Chattanooga, Tennessee, for the appellant, Combustion Engineering, Inc., ABB C-E Services, Inc., and ABB Services, Inc., d/b/a ABB C-E Power Products Manufacturing.

Harry F. Burnette, Chattanooga, Tennessee, for the appellee, Clifford Goolesby.

## ORDER

PER CURIAM.

This case is before the Court upon applicant's motion for review pursuant to Tenn. Code Ann. § 50-6-225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the motion for review is not well-taken and should be DENIED; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court.

In accordance with Supreme Court Rule 4(D), the Court recommends that the opinion of the Special Workers' Compensation Appeals Panel be published.

Costs will be paid by ABB C-E Services, Inc., for which execution may issue if necessary.

ANDERSON, J., not participating.

## MEMORANDUM OPINION

JOHN K. BYERS, Sr. J., delivered the opinion of the court, in which E. RILEY ANDERSON, Justice, and ROGER E. THAYER, Sp. J., joined.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn. Code Ann. § 50-6-225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law. The trial court found the plaintiff was entitled to permanent total disability benefits.

The trial court further found the defendant was not entitled to offset social security benefits against the award. The defendant appeals only from the judgment of the trial court which denied the social security offset. We affirm the judgment of the trial court.

The plaintiff was injured on July 31, 1996. He was 59 years of age at the time. The plaintiff returned to work on January 2, 1997. He was laid off on June 27, 1997. He retired after this and began to draw a reduced rate of social security benefits at age 62. These benefits commenced in March 1999.

The defendant contends that we should make Tennessee Code Annotated § 50–6–207(4)(A)(i) applicable to this case and reduce the amount of compensation the plaintiff is receiving by the amount of employers contribution to the plaintiff's social security fund.

The pertinent part of the statute at the time of the accident provided [1]:

> This compensation shall be paid during the period of such permanent total disability until the employee reaches the age of sixty-five (65); provided, that with respect to disabilities resulting from injuries that occur after age sixty (60), regardless of the age of the employee, permanent total disability benefits are payable for a period of two hundred sixty (260) weeks. Such compensation payments shall be reduced by the amount of any old age insurance benefit payments attributable to employer contributions which the employee may receive under the Social Security Act, U.S.C., title 42, chapter 7, subchapter II, as amended.

In *Tucker v. Foamex*, 31 S.W.3d 241 (Tenn.2000) the Supreme Court dealt with the application of benefit payments vis-a-vis social security benefits in relation to permanent partial benefits being terminated at age 65 for employees who were injured before age 60. The court held that the provisions of Tennessee Code Annotated § 50–6–207(4)(A)(i) did not apply to an injury occurring when the employee was 59 years of age. The court ruled that to make the statute applicable in such cases would amount to a rewriting of the statute by the court and would substantially limit, without clear statutory authority, benefits to many partially disabled workers.

The defendant argues *Tucker* is not controlling in this case because it did not deal with an offset of benefits commensurate with the employers contribution to the fund, when the employee commenced to draw social security benefits before age 65.

We are of the opinion the *Tucker* case was decided on an issue so closely analogous to the issue in this case, i.e., the application of the statute to an employee who is injured at age 59, that it is controlling in this case.

We conclude as did the court in *Tucker*, it would require a judicial rewrite of the statute to make it applicable to the facts in this case. We, of course, should not and cannot so do.

We affirm the judgment of the trial court. The cost of this appeal are taxed to the defendant.

---

1. The statute was amended since the time of this accident and now provides that the employee must be eligible to draw full benefits before the statute applies.