# IN THE SUPREME COURT OF TENNESSEE
## SPECIAL WORKERS' COMPENSATION APPEALS PANEL
### AT JACKSON
Assigned on Briefs October 24, 2023

FILED

JAN 0 2 2024

Clerk of the Appellate Courts
Rec'd By

## ARLENE ERNSTES v. PRINTPACK, INC.

**Appeal from the Workers' Compensation Appeals Board**
**No. 2020-07-0617    Timothy W. Conner, Judge**

---

### No. W2023-00863-SC-R3-WC – Mailed November 30, 2023

---

Employee sought worker's compensation benefits based on hearing loss allegedly caused by continuous noise exposure during her employment with Employer. Employer denied the claim, asserting Employee failed to give timely notice of injury. After a compensation hearing, the trial court rejected Employer's notice defense and awarded benefits to Employee. The Workers' Compensation Appeals Board reversed the trial court's finding that Employee gave timely notice; vacated the order awarding benefits; and remanded the case for a determination of whether Employee had a reasonable excuse for failing to give timely notice or whether Employer was prejudiced by the failure. On remand, the trial court again awarded benefits, concluding Employee did not offer a reasonable excuse but Employer failed to establish prejudice. In a second appeal, the Appeals Board construed the notice statute and concluded the claim should have been denied and dismissed. In this appeal, Employee argues the Appeals Board erred in its conclusion that Employee failed to satisfy the statutory notice requirement. The appeal has been referred to the Special Workers' Compensation Appeals Panel for a hearing and a report of findings of fact and conclusions of law pursuant to Tennessee Supreme Court Rule 51. We affirm.

### Tenn. Code Ann. § 50-6-225(a) (2014) Appeal as of Right;
### Decision of the Workers' Compensation Appeals Board Affirmed

ROY B. MORGAN, JR., SR. J., delivered the opinion of the court, in which DWIGHT E. TARWATER, J. and DON R. ASH, SR. J., joined.

Jeffrey P. Boyd, Jackson, Tennessee, for the appellant, Arlene Ernstes

Gregory H. Fuller & Adam C. Brock-Dagnan, Knoxville, Tennessee, for the appellee, Printpack, Inc.

## OPINION

### Factual and Procedural Background

Arlene Ernstes ("Employee") was employed by Printpack, Inc. ("Employer" and "Printpack") for thirty-three years. Over the course of her employment, Employee worked in several different positions, spending a majority of her time on the plant floor where she was exposed to loud machinery. Employer provided annual hearing screens; however, Employee was unaware of any hearing loss when she retired in 2016.

In the years after her retirement, Employee noticed she was having difficulty hearing but she attributed the hearing loss to her age. In 2019, Employee went to Dr. Karl Studtmann, an otolaryngologist, with complaints of ear pain, dizziness, and hearing loss. An audiological exam conducted during the visit revealed significant hearing loss. Although Dr. Studtmann and Employee discussed her hearing loss, they did not address the etiology of her hearing loss at that time.

In September 2020, Employee accompanied her husband to a meeting with an attorney regarding his employment-related hearing loss case. During the meeting, Employee talked with the attorney about her past employment with Employer and her own hearing loss. Following this meeting, Employee, through counsel, gave notice of her injury to Employer. On November 17, 2020, Employee filed a Petition for Benefit Determination with the Tennessee Bureau of Workers' Compensation ("Bureau") based on bilateral hearing loss caused by noise exposure at Printpack.

In June 2021, Employee returned to Dr. Studtmann for an evaluation at her counsel's request. Dr. Studtmann diagnosed Employee with sensorineural hearing loss likely attributable to her employment with Employer. He assigned an impairment rating of ten percent (10%) to the body as a whole. When mediation failed to resolve the issues of compensability and permanent disability benefits, the Bureau issued the Dispute Certification Notice on May 5, 2021, and the "final" Dispute Certification Notice on April 21, 2022.

### Compensation Hearing

A compensation hearing was conducted on August 4, 2022 in the Court of Workers' Compensation Claims. The court heard testimony from Employee and reviewed the deposition of Dr. Studtmann.

Employee, eighty-three years old at the time of the compensation hearing, testified about her employment history with Employer and the noisy work environment. Employee said she always wore hearing protection, but at times the noise hurt her ears even with the protection. Employee recalled that Employer provided annual hearing screens via a mobile unit. After each screening, a slip of paper indicating pass or fail would be placed in

Employee's mailbox. Employee said she did not take the results seriously. Employer never discussed the results of the hearing screens with Employee and never suggested Employee had a hearing problem or should see a doctor for any reason.

Employee explained that after leaving her employment she gradually began to notice her hearing loss. She initially believed her hearing difficulties were due to getting older. Employee learned she had significant hearing loss during her 2019 visit to Dr. Studtmann. She said the first time she connected the hearing loss to her employment was during a visit with her husband's attorney regarding his work-related hearing loss case.

During cross-examination, Employee recalled giving her deposition. Employee testified during the deposition that she was informed of her severe hearing loss after her 2019 examination. She said she did not inquire into the cause of her hearing loss because she knew then her loss was caused by the "loud noise."

Before determining whether Employee had established a compensable claim, the judge considered Employer's notice and statute of limitations defenses. As to notice, the judge recognized that hearing loss is a gradually occurring or cumulative injury, and therefore, Employee was required to provide notice to Employer within thirty days after she knew or reasonably should have known she suffered a work-related injury that resulted in permanent physical impairment ("the discovery rule"). The judge concluded that Employee did not causally relate her hearing loss to her employment until she met with her attorney and notified Employer in September 2020. As to the statute of limitations, the judge explained that under the discovery rule, the statute of limitations in a gradually occurring injury case is suspended until by reasonable care and diligence it is discoverable that a compensable injury has been sustained. In this instance, the judge concluded Employee did not know her hearing loss was work-related until she saw Dr. Studtmann in 2019, and therefore, the petition was not time-barred.

The trial court concluded Employee had established that her hearing loss arose primarily out of and in the course and scope of her employment at Employer and awarded benefits including permanent partial disability and lifetime future medicals.

*First Appeal*

On appeal, Employer's issue was "whether the trial court erred in finding that Employee provided Employer timely notice of a gradually occurring injury." *Ernstes v. Printpack, Inc.*, No. 2020-07-0617, 2022 WL 17825267, at *4 (Tenn. Workers' Comp. App. Bd. Dec. 15, 2022). The Appeals Board found the following colloquy (related to the 2019 visit to Dr. Studtmann) significant on the issue of timely notice under the discovery rule:

Q:      Okay. Do you remember doing any hearing screening?
A:      Yeah, I did the screening and then he [Dr. Studtmann] checked my

ears.

Q: And what was the conclusion - - or what were the findings that were provided to you at that particular - -

A: That I couldn't hear.

Q: Okay. So, they informed you you had a hearing loss?

A: Yes.

Q: Was it pretty severe?

A: Yes.

Q: Okay. Did you ask them why?

A: No.

Q: And why is that?

A: *I knew why. All the loud noises and everything* with . . . .

Q: Okay. So, in 2019, you knew why you had hearing loss.

A: I figured that was why.

Q: So, you - - okay. So, you did not think it was because of your age?

A: Yeah, I figured it was my age until I - - until he - - when he did the test and he was telling what it was, I figured it was my age. *And then, I figured, no, it was all the noise.*

*Id.* at *5 (emphasis in original).

Based on this testimony, the Appeals Board determined that the evidence preponderated against the trial judge's findings. Accordingly, the Appeals Board concluded Employee failed to give timely notice of her injury. *Id.* at *5–6. However, the Appeals Board turned its focus to the notice provisions of the workers' compensation statute, which provide:

> No compensation shall be payable under this chapter, unless written notice is given to the employer within thirty (30) days after the occurrence of the accident, *unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.*

*Id.* at *5 (quoting Tenn. Code Ann. § 50-6-201(a)(1)) (emphasis added).

The Board explained that because the trial court concluded the notice was timely, it did not reach the issue of whether Employee had a reasonable excuse for failing to give timely notice. Further, citing a second statutory notice provision related to defective or inaccurate notice, the Appeals Board concluded the trial court must also consider whether Employer was prejudiced by the late notice. Thus, the Board reversed the trial court, vacated its judgment, and remanded for the trial court to consider whether Employee had a reasonable excuse for her failure to provide timely notice and, if no reasonable excuse is given, whether and to what extent Employer was prejudiced by the failure to give proper notice. *Id.* at *6.

-4-

*Compensation Hearing on Remand*

On remand, the trial court concluded that Employee did not offer a reasonable excuse for her failure to give notice in 2019; however, the judge also concluded that Employer failed to show prejudice. Accordingly, the judge reinstated the benefits award.

*Second Appeal*

On appeal following remand, Employer's issue was stated in the notice of appeal as "[w]hile it is true that the Appeals Board remanded this case to allow the trial court to determine whether Employee provided a reasonable excuse for her providing late notice, it neglected to consider whether Employee's claim is barred by the statute of limitations; therefore, the issues on appeal are whether the court erred in determining that Employee provided a reasonable [sic] and whether Employee's claim is barred by the statute of limitations." Initially, the Appeals Board determined that the statute of limitations issue was waived for failure to raise the issue in the first appeal and was nevertheless without merit. *Ernstes v. Printpack, Inc.*, No. 2020-07-0617, 2023 WL 3931450, at *3–4 (Tenn. Workers' Comp. App. Bd. June 6, 2023). Next, the Appeals Board construed the notice provisions of the workers' compensation statute and clarified that in cases where lack of timely written notice is alleged the employee has the burden of proving that: (1) timely written notice was provided; (2) the employer had actual knowledge of the accident or injury; or (3) the employee has a reasonable excuse for the failure to provide timely written notice. *Id.* at *13. Applying this clarified standard to the instant case, the Appeals Board concluded that Employee failed to show any reasonable excuse for her failure to give timely written notice of her alleged work-related hearing loss after her medical appointment with Dr. Studtmann in December 2019. Because (1) no timely written notice was provided, (2) no actual knowledge of Employer was shown, and (3) no reasonable excuse was provided, the claim should have been denied. Accordingly, the Appeals Board reversed the trial court and dismissed the petition. *Id.* at *14. Employee has appealed.

**Analysis**
*Standard of Review*

Under the applicable standard of review, we review the trial court's findings of fact de novo upon the record accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-225(2). However, questions of law are reviewed de novo without a presumption of correctness. *Smith v. U.S. Pipe & Foundry Co.*, 14 S.W.3d 739, 742 (Tenn. 2000).

This appeal focuses on whether the Appeals Board erred in its conclusion that Employee failed to satisfy the statutory notice requirement.[1] As explained, this appeal

---

[1] Employee initially argues that the Appeals Board erred in addressing the notice issue in the second appeal because the issue was not included in the notice of appeal. The notice of appeal identified the

follows two appeals in the Appeals Board related to the notice requirement. Before we examine the propriety of those decisions, we revisit the statutory notice requirement in workers' compensation cases.

> Tennessee Code Annotated section 50-6-201 provides that:
> (a)(1) Every injured employee or the injured employee's representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury, and the employee shall not be entitled to physician's fees or to any compensation that may have accrued under this chapter, from the date of the accident to the giving of notice, unless it can be shown that the employer had actual knowledge of the accident. No compensation shall be payable under this chapter, unless the written notice is given to the employer within fifteen (15) days after the occurrence of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented.
>
> (2) The notice of the occurrence of an accident by the employee required to be given to the employer shall state in plain and simple language the name and address of the employee and the time, place, nature, and cause of the accident resulting in injury or death. The notice shall be signed by the claimant or by some person authorized to sign on the claimant's behalf, or by any one (1) or more of the claimant's dependents if the accident resulted in death to the employee.
>
> (3) No defect or inaccuracy in the notice shall be a bar to compensation, unless the employer can show, to the satisfaction of the workers' compensation judge before which the matter is pending, that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice.

issues as "whether the court erred in determining that Employee provided a reasonable [sic] and whether Employee's claim is barred by the statute of limitations[.]" The Appeals Board concluded that the statute of limitations issue was waived due to Employer's failure to raise the issue in the first appeal but that Employer's brief "fairly raised" the notice issue. We agree. Without question, the second notice of appeal rather clumsily referenced reasonable excuse; however, the appellate brief did challenge the trial court's interpretation of the notice requirement. Although Employer's decision to focus on the statute of limitations issue was fraught with peril, the inartful drafting in the notice of appeal does not entitle Employee to relief under *Hodge v. Craig*, 382 S.W.3d 325 (Tenn. 2012) or under any of the legal theories advanced in her brief. Accordingly, the Appeals Board did not err in addressing the notice issue.

Tenn. Code Ann. § 50-6-201 (2022).[2] In cases involving gradual or cumulative injuries, the injured worker is required to provide notice of injury to employer within fifteen days after the employee:

> (1) Knows or reasonably should know that the employee has suffered a work-related injury that has resulted in permanent physical impairment; or (2) Is rendered unable to continue to perform the employee's normal work activities as a result of the work-related injury and the employee knows or reasonable should know that the injury was caused by work-related activities.

Tenn. Code Ann. § 50-6-201(b) (commonly known as the "discovery rule).

In the first appeal, the Appeals Board concluded Employee had not provided timely notice but it remanded the case for the trial court to determine whether, pursuant to subdivision (a)(1), Employee had offered a reasonable excuse for her failure to give timely notice, and whether, pursuant to subdivision (a)(3), Employer had suffered any prejudice due to the lack of notice. *Ernstes*, 2022 WL 17825267, at *6. The trial court determined that Employee offered no reasonable excuse but that Employer had not shown prejudice. The trial court reinstated its original award of benefits, and Employer again appealed the trial court's rejection of the notice defense.

In the second appeal, the Appeals Board realized the confusion surrounding these notice provisions, particularly the contours of reasonable excuse and prejudice contained in subdivisions (a)(1) and (a)(3) respectively. The Appeals Board conducted an exhaustive examination of the history of the notice requirement and construed the language of the notice statute in light of this history. Important here, the Appeals Board drew a distinction between untimely notice and defective notice and the burden accompanying each notice deficiency. *Ernstes*, 2023 WL 3931450, at *5–12.

The Board concluded that in cases involving the lack of timely written notice, the employee has the burden of proving that: (1) timely written notice was provided; (2) the employer had actual knowledge of the accident or injury; or (3) the employee has a reasonable excuse for the failure to provide timely written notice. *Id.* at *13. Conversely, when an employer affirmatively asserts a defect or inaccuracy in the written notice, the burden shifts to the employer to prove prejudice. *Id.* [3]

---

[2] The General Assembly amended these provisions in 2016 to reduce the notice requirement from thirty (30) days to the present fifteen (15) days in all cases except for occupational disease cases.

[3] Employee does not challenge the Appeals Board's interpretation of the notice statute, including its delineation between untimely notice and defective notice. It seems our own de novo review of the notice statute would lead to substantially the same interpretation. Nonetheless, we observe in the Appeals Board's interpretation of the notice statute the seemingly unsettled role, if any, prejudice should play in assessing *untimely* written notice. Because the issue is not squarely presented in this appeal, we leave resolution of that issue to another day.

Against this backdrop, we consider whether the Appeals Board erroneously concluded Employee failed to satisfy the statutory notice requirement. Because the parties do not dispute that Employee failed to offer a reasonable excuse, we turn our focus to whether Employer had actual knowledge of Employee's injury or whether Employee, in fact, gave timely written notice of her injury.

Employee argues Employer had actual notice of Employee's gradual hearing loss. Employee testified that she worked in a noisy environment and was required to wear hearing protection. She recalled that Employer provided annual hearing screens via a mobile unit that came to the plant. The employees were provided a "pass or fail" notice after each screening; however, Employee did not take the results seriously. No proof was presented to suggest these screening results were known to Employer or that Employer had ever referred Employee or any employee to a medical professional. As to this issue, the Appeals Board noted as follows:

> Employee argues that Employer should be charged with actual knowledge of her work-related hearing loss because it required that she wear hearing protection and undergo regular hearing tests. Without any evidence in the record to suggest that Employer had retained a medical professional with appropriate expertise to conduct the tests *and* relate the results of those tests to Employer, we decline to impute knowledge to an employer that an employee's hearing loss was work-related based merely upon the fact that it required employees to wear hearing protection and to undergo hearing tests.

*Ernstes*, 2022 WL 17825267, at *5 n. 4 (emphasis in original). Upon our review of the record, we are unable to conclude that Employer had actual notice of Employee's hearing loss.

In the end, this case turns on whether Employee provided timely notice of her injury. Under the discovery rule, Employee was required to give notice of her gradually occurring injury within fifteen[4] days of when she knew or reasonably should have known that she suffered a work-related injury that resulted in permanent physical impairment. Employee testified that she first connected her hearing loss to her employment with Employer on September 28, 2020, when she attended a meeting with her husband and his counsel about her husband's work-related hearing loss. During this meeting, Employee and counsel discussed Employee's own hearing loss and the likelihood the hearing loss was attributable to her employment with Employer. During the meeting, Employee retained the same counsel to pursue her hearing loss claim, and counsel sent notice letters to Employer on that date. The trial court accredited Employee's testimony and rejected Employer's notice defense.

---

[4] Employee's brief cites a fifteen-day notice requirement while Employer's brief cites a thirty-day notice requirement.

In the first appeal, the Appeals Board reviewed the testimony under the applicable standard of review and concluded the evidence preponderated against the trial court's findings. The Appeals Board pointed to Employee's cross-examination testimony, concluding Employee knew or should have known her hearing loss was work related at the time of her appointment with Dr. Studtmann in 2019. In the second appeal, the Appeals Board did not revisit this determination. Upon our review of the testimony, we agree that the evidence preponderates against the trial court's findings. In her candid cross-examination (which referenced her earlier deposition), Employee testified that although she originally believed her hearing loss was attributable to her age, she knew the hearing loss was caused by "all the loud noise." Thus, Employee did not give written notice within fifteen or thirty days of when she knew her hearing loss was causally related to her employment. Accordingly, we are constrained to conclude that Employee failed to give timely written notice of her gradually occurring injury.

Because Employee failed to give timely written notice, failed to prove any reasonable excuse for her failure, and failed to prove Employer had actual knowledge of her injury, the Appeals Board did not err in concluding Employee failed to provide the statutorily required notice of her gradually occurring injury.

## Conclusion

For the foregoing reasons, we affirm the judgment of the Appeals Board. Costs are taxed to Arlene Ernstes, or her surety, for which execution may issue if necessary.

ROY B. MORGAN, JR., SENIOR JUDGE

# IN THE SUPREME COURT OF TENNESSEE
## SPECIAL WORKERS' COMPENSATION APPEALS PANEL
### AT JACKSON

## ARLENE ERNSTES v. PRINTPACK, INC.

**Appeal from the Workers' Compensation Appeals Board**
**No. 2020-07-0617**

**No. W2023-00863-SC-R3-WC**

FILED

JAN 0 2 2024

Clerk of the Appellate Courts
Rec'd By _____

## JUDGMENT ORDER

This case is before the Court upon the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference.

Whereupon, it appears to the Court that the Memorandum Opinion of the Panel should be accepted and approved; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court.

Costs are assessed to Arlene Ernstes, or her surety, for which execution may issue if necessary.

It is so ORDERED.

PER CURIAM