IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

FILED

June 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

| | | |
|---|---|---|
| JIM PARKS, | ) | |
| | ) | **Filed: June 15, 1998** |
| Plaintiff/Appellee, | ) | |
| | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| TENNESSEE MUNICIPAL LEAGUE | ) | HAYWOOD CHANCERY |
| RISK MANAGEMENT POOL, and | ) | |
| | ) | |
| Defendant/Appellee, | ) | |
| | ) | HON. GEORGE R. ELLIS, |
| LARRY BRINTON, DIRECTOR, | ) | JUDGE |
| DIVISION OF WORKERS' | ) | |
| COMPENSATION, TENNESSEE | ) | |
| DEPARTMENT OF LABOR, SECOND | ) | |
| INJURY FUND, | ) | |
| | ) | |
| Defendant/Appellant. | ) | No. 02S01-9603-CH-00025 |

**For Appellant:**
John Knox Walkup
Attorney General and Reporter

Dianne Stamey Dycus
Senior Counsel
Attorney General's Office
Nashville, Tennessee

**For Appellee, Jim Parks:**
T. J. Emison
Alamo, Tennessee

**For Appellee, Tennessee Municipal
League Risk Management PooL:**
W. Timothy Hayes, Jr.
Memphis, Tennessee

# O P I N I O N

TRIAL COURT JUDGMENT AND
SPECIAL WORKERS COMP APPEALS
PANEL AFFIRMED, AS MODIFIED

ANDERSON, C.J.

We granted the motion for review filed by the Tennessee Department of Labor's Second Injury Fund to determine whether an employee who previously received workers' compensation permanent partial disability benefits is entitled to permanent partial disability benefits under Tenn. Code Ann. § 50-6-241(a)(1)(Supp. 1997) for a later work injury based on his total medical impairment rating for all work injuries or the medical impairment rating solely attributable to his most recent work injury.

The trial court applied the applicable statutory multiplier of 2.5 to the employee's total medical impairment rating for all work injuries of 15 percent, rather than the medical impairment rating for the most recent injury of 2 percent. The result was an award of 37.5 percent permanent partial disability to the body as a whole.[1] The Special Workers' Compensation Appeals Panel affirmed, reasoning that an "employer takes the employee with all pre-existing conditions and cannot escape liability where the employee, upon suffering a work-related injury, incurs disability far greater than if he had not had the pre-existing condition."

After reviewing the record and the applicable authority, we conclude that an employee who has previously been awarded workers' compensation benefits based on a percentage of disability to the body as a whole and then suffers a subsequent injury, "shall be paid compensation for the period of temporary total disability and only for the degree of permanent disability that results from the subsequent injury." Tenn. Code Ann. § 50-6-207 (3)(F)(1991 & Supp. 1997)(emphasis added).  As a result, the statutory multiplier of 2.5 applies only to the medical impairment rating for the most recent injury, in this case 2 percent.  We therefore modify the judgment to reflect an award of 5 percent permanent partial disability to the body as a whole.

---

[1] "For all injuries arising on or after August 1, 1992, in cases where an injured employee is eligible to receive any permanent partial disability benefits, pursuant to § 50-6-207(3)(A)(i) and (F), and the pre-injury employer returns the employee to employment at a wage equal to or greater than the wage the employee was receiving at the time of injury, the maximum permanent partial disability award that the employee may receive is two and one-half (2½) times the medical impairment rating . . . ."  Tenn. Code Ann. § 50-6-241(a)(1)(Supp. 1997).

## BACKGROUND

The employee, Jim Parks, age 46, worked as a police officer with the City of Brownsville, Tennessee. Parks had sustained three compensable injuries to his back, but returned to work after each injury. These workers' compensation awards totaled 135 percent to the body as a whole.

In May of 1993, Parks injured his back for a fourth time while placing a prisoner in the back seat of a patrol car. An orthopedic surgeon, Dr. Robert Jones, testified that Parks' total medical impairment for all of his back injuries was 15 percent. Of this total medical impairment, 2 percent was attributable to the May 1993 injury.

After finding that Parks had returned to work at the same or higher wage, the trial court applied the statutory multiplier of 2.5 to the total medical impairment rating of 15 percent, and awarded 37.5 percent permanent partial disability to the body as a whole. Tenn. Code Ann. § 50-6-241(a)(1)(Supp. 1997). The Special Workers' Compensation Appeals Panel affirmed.

The Second Injury Fund filed a motion to review the decision of the Panel, arguing that the Panel erred in applying the statutory multiplier to the employee's medical impairment rating for all of his work injuries rather than just his medical impairment rating for the most recent work injury. We granted the motion to review.

## ANALYSIS

Appellate review in a workers' compensation case is de novo upon the record with a presumption that the findings of the trial court are correct. Tenn. Code Ann. § 50-6-225(e)(2)(1991 & Supp. 1997). Where a question of law is presented, as in

this case, appellate review is <u>de novo</u> without a presumption of correctness. <u>Presley v. Bennett</u>, 860 S.W.2d 857, 858 (Tenn. 1993).

We begin our review by observing that an employee's prior disabling condition does not prevent a workers' compensation award where a work-related injury aggravates the pre-existing condition. <u>White v. Werthan Indus.</u>, 824 S.W.2d 158, 159 (Tenn. 1992). Instead, an employer essentially assumes the risk that an employee may have a weakened condition that is aggravated by a work injury which might not affect a person without the pre-existing condition. <u>Fink v. Caudle</u>, 856 S.W.2d 952, 958 (Tenn. 1993).

The question of whether a prior workers' compensation award for permanent disability to the body as a whole is considered in determining the amount of compensation for a later work injury is addressed by a specific section of the workers' compensation statute, Tenn. Code Ann. § 50-6-207(3)(F). It specifically provides that where

> an employee has previously sustained an injury compensable under this section for which a court of competent jurisdiction has awarded benefits based on percentage of disability to the body as a whole and suffers a subsequent injury not enumerated above, the injured employee shall be paid compensation for the period of temporary total disability <u>and only for the degree of permanent disability that results from the subsequent injury</u>.

Tenn. Code Ann. § 50-6-207 (3)(F)(Supp. 1997)(emphasis added).

A basic principle of statutory construction is to ascertain and give effect to legislative intent without unduly restricting or expanding the intended scope of a statute. <u>Owens v. State</u>, 908 S.W.2d 923, 926 (Tenn. 1995). This means the Court must examine the language of a statute and, if unambiguous, apply its ordinary and plain meaning. <u>Riggs v. Burson</u>, 941 S.W.2d 44, 54 (Tenn.), <u>cert</u>. <u>denied</u>, 118 S.Ct.

444, 139 L.Ed.2d 380 (1997). If the language is ambiguous, the Court must look to the statutory scheme as a whole, as well as legislative history, to discern its meaning. Owens, 908 S.W.2d at 926.

We believe the language of Tenn. Code Ann. § 50-6-207(3)(F) is unambiguous and that its meaning and its intended effect is clear. An employee who has received compensation for prior injuries based on a percentage of disability to the body as a whole and is later injured shall be paid "only for the degree of permanent disability that results from the subsequent injury." Tenn. Code Ann. § 50-6-207(3)(F)(1991 & Supp. 1997). Accordingly, under the statutory formula, compensation is not based on the statutory multiplier times the total medical impairment rating, but rather, the statutory multiplier times the medical impairment rating for the later injury. Parks contends that this interpretation of the statute, in effect, abolishes the notion of rehabilitation. We disagree. As the Second Injury Fund observes, the limitation in the statute merely prevents an injured employee from receiving dual compensation for the same work-related injury.

Parks also argues, and the Workers' Compensation Appeals Panel found, that Tenn. Code Ann. § 50-6-207(3)(F) was inapplicable as it refers to "disability" and not "impairment." Although disability and impairment indeed have separate meanings, the distinction, in the context of the argument made is inapplicable, in that the statutory scheme calculates the percentage of disability based on an arithmetic formula which includes medical impairment. Specifically, depending on which statutory multiplier is applicable, "the maximum permanent partial disability" award that an employee may receive is either 2.5 or 6 times "the medical impairment rating determined pursuant to the provisions of the American Medical Association Guides to the Evaluation of Permanent Impairment (American Medical Association), the Manual for Orthopedic Surgeons in Evaluating Permanent Physical Impairment (American Academy of Orthopedic Surgeons), or in cases not covered

by either of these, an impairment rating by any appropriate method used and accepted by the medical community." Tenn. Code Ann. § 50-6-241(a)(1) & (b)(Supp. 1997)(emphasis added). Therefore, the statutory scheme as a whole refutes Parks' contention.

Accordingly, we find that the Special Workers' Compensation Panel erred in this case by applying the statutory multiplier of 2.5 to Parks' total medical impairment of 15 percent. In view of the plain statutory language of Tenn. Code Ann. § 50-6-207(3)(F), the appropriate compensation for Parks' injury must be based on the medical impairment rating for his most recent injury, i.e., 2 percent. As a result, after application of the statutory multiplier, the award is 5 percent permanent partial disability to the body as a whole.

## CONCLUSION

We conclude that the trial court and the Special Workers' Compensation Appeals Panel erred in determining Parks' workers' compensation award based on his total medical impairment rating of 15 percent. Because of Parks' prior compensated work-related injuries, he was entitled to compensation only for the degree of permanent disability resulting from his most recent injury pursuant to Tenn. Code Ann. § 50-6-207(3)(F). We therefore modify the judgment to reflect an award of 5 percent permanent partial disability to the body as a whole. Costs of the appeal are taxed to the plaintiff/appellee, Jim Parks, for which execution shall issue if necessary.

_____
RILEY ANDERSON, Chief Justice

**CONCUR:**

Drowota and Holder, JJ.

-6-

Tomlin, Sp.J.
Reid, Sp.J., not participating