Glen **CLIFTON,**

v.

**KOMATSU AMERICA MANUFACTURING CORP.**

Supreme Court of Tennessee.

Feb. 23, 2001.

David Collier Nagle, Chattanooga, TN, for the defendant/appellant, Komatsu American International.

Jeffrey W. Rufolo, Chattanooga, TN, for the plaintiff/appellee, Glen Clifton.

## OPINION

HOLDER, J., delivered the opinion of the court, in which ANDERSON, C.J., DROWOTA and BIRCH, JJ, and JOHN K. BYERS, Sp.J., joined.

In this workers' compensation case, the trial court awarded Mr. Clifton a 20% permanent partial disability to the body as a whole resulting from a second injury to the same spinal disc. The award was based in part upon the trial court's finding of a 10% medical impairment rating from the second injury. The Special Workers' Compensation Appeals Panel held that the record did not support a 10% medical impairment for the second injury. It further held that the compensation awarded by the trial court was inconsistent with our decision in *Parks v. Tenn. Mun. League Risk Mgmt. Pool,* 974 S.W.2d 677 (Tenn. 1998), in that it improperly "exceeds the 'degree of permanent disability that result[ed] from the subsequent injury.'" We disagree with the Panel's recommendation and affirm the trial court's judgment in all respects.

## BACKGROUND

In August 1995, Glen Clifton suffered a back injury in the course of his employment with Komatsu America Manufacturing Corp. ("Komatsu"). The injury required surgery, and part of Mr. Clifton's L5–S1 disc was surgically removed the following month. Mr. Clifton filed a workers' compensation claim. In January, 1996, the trial court approved an award of 10% disability to the body as a whole as a result of this first injury.

In July 1997, Mr. Clifton's back was injured a second time while working for Komatsu. This second injury required another surgery, performed by Dr. Scott Hodges, to remove more of Mr. Clifton's L5–S1 disc. Dr. Hodges initially reported in Mr. Clifton's medical records that Mr. Clifton had suffered a "10% Impairment Rating to the body as a whole." Later, however, Dr. Hodges amended this finding to opine that under American Medical Association ("AMA") guidelines no additional impairment rating should be given for Mr. Clifton's second injury. Dr. Sai H. Oh, a specialist in physical medicine and rehabilitation, treated Mr. Clifton following the second injury. Dr. Oh testified that Mr. Clifton had a 10% permanent partial impairment to the body as a whole exclusive of the initial injury.

The trial court found that Mr. Clifton suffered a 10% medical impairment to the body as a whole as a result of the second injury. The court awarded Mr. Clifton a 20% permanent partial disability as a result of the second injury. In so holding, the trial court relied upon Dr. Hodges' initial impairment rating and expressly did not rely on Dr. Oh's testimony. Komatsu appealed to the Special Workers' Compensation Appeals Panel ("Panel"), alleging that no medical proof established any increase in Mr. Clifton's medical impairment.

On appeal, the Panel found that the trial court erred in awarding a 20% permanent partial disability resulting from Mr. Clifton's second injury. The Panel found that the record did not support a medical impairment rating of 10% for that injury. Instead, the Panel concluded that "a preponderance of the evidence suggests that the plaintiff did incur an additional 5% impairment to the body as a whole solely resulting from that injury." Based on this rating and the statutory multiplier found at Tenn.Code Ann. § 50–6–241(a)(1), the Panel awarded a 12.5% permanent partial disability to the body as a whole resulting from the second injury. One member of the Panel dissented. Mr. Clifton petitioned for full Court review pursuant to Tenn.Code Ann. § 50–6–225(e)(5).

## ANALYSIS

■ Our task on appeal is to determine whether the trial court erred in awarding Mr. Clifton a 20% permanent partial disability to the body as a whole for the second injury. We review this workers' compensation case de novo upon the record, accompanied by a presumption of the correctness of the trial court's factual findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2); *Tucker v. Foamex, L.P.*, 31 S.W.3d 241, 242 (Tenn.2000). "In our review, we are not bound by the trial court's factual findings, but rather examine them in depth and conduct an independent examination to determine where the preponderance of the evidence lies." *Walker v. Saturn Corp.*, 986 S.W.2d 204, 207 (Tenn.1998). Questions of law, however, are reviewed de novo without any presumption of correctness. *Presley v. Bennett,* 860 S.W.2d 857, 859–60 (Tenn.1993).

Komatsu argues that the trial court "misread and misapplied Dr. Hodges' deposition testimony" in finding a 10% medical impairment rating for Mr. Clifton's second injury. It points to the fact that while Dr. Hodges initially found a 10% medical impairment rating, he later repudiated that finding based upon his construction of the AMA Guidelines. That repudiation, combined with the trial court's rejection of Dr. Oh's testimony, left the trial court with only Dr. Hodges' testimony upon which to base its decision.

Komatsu's argument implies that the trial court's express rejection of Dr. Oh's testimony binds the court to accept the full testimony of Dr. Hodges, including his repudiation. We do not agree.

Tennessee Code Ann. § 50–6–204(d)(3) governs physicians' determinations of a worker's anatomical impairment. It requires physicians who furnish medical treatment to workers to use either the American Medical Association Guides to the Evaluation of Permanent Impairment or the Manual for Orthopedic Surgeons in Evaluating Permanent Physical Impairment to determine a worker's impairment rating. *Id.*

The record shows that Dr. Hodges had given Mr. Clifton a medical impairment rating of 10% to the body as a whole prior to the time of Dr. Hodges' deposition on September 4, 1998. During Dr. Hodges' deposition, however, he notified Mr. Clifton's counsel for the first time of an addendum to the medical record. This addendum reflected Dr. Hodges' attempt to follow the AMA Guidelines. He testified that the guidelines

> clearly tell us if they've had a previous rupture at the same level and they've had a previous rating, the ten percent that they're given for the original injury is to cover basically a lifetime of problems with that. And for that reason he should not get an additional ten percent.

Despite extensive questioning, Dr. Hodges was never able to point to a provision in the AMA Guidelines requiring this result. Dr. Hodges concluded that, at most, Mr. Clifton was entitled to a 2% medical impairment. Dr. Hodges agreed, however, that the June 20, 1997 injury, without consideration of the previous impairment rating, caused a 10% medical impairment.

There is no dispute that the 1997 incident was a new injury causing new anatomical changes. The trial court stated the issued succinctly:

> Dr. Hodges said in his opinion that surgery at that level constituted a 10 percent medical impairment. So regardless of whether we had Dr. Payne's records [of the first injury] or not, Dr. Hodges, in his own testimony, says the prior injury and the prior surgery resulted in a 10 percent medical impairment.

> The real issue the Court has to resolve is whether or not the second injury, which also resulted in surgery, which also resulted in a 10% medical impairment according to Dr. Hodges or when he later considered the entirety of the matter he apparently determined that it

actually resulted in an additional 2 percent or an actual 12 percent impairment, whether that 10 percent is deducted from the impairment that resulted from the second injury.

The trial court then gave Komatsu's counsel an opportunity to identify the section of the Fourth Edition of the AMA Guides that required a deduction of the first impairment. Counsel was unable to point to the provision in question. The trial court ruled as follows:

> Dr. Hodges in his deposition on Page 8 testified that Mr. Clifton had a recurrent disc herniation, that he felt it was a new episode or a new injury. He pointed out that Mr. Clifton had had a prior injury and surgery at the same level of his back, that he had recovered from that. He considered it to be a new episode because the first surgery was successful and Mr. Clifton was able to return to his regular work and that the new lifting injury contributed to a new disc herniation.
>
> In his deposition he later testified that he had a 10 percent medical impairment as a result of the second injury and the second surgery. He testified on examination by Mr. Rufolo that there was probably an additional 2 percent impairment that Mr. Clifton had as a result of his second surgery.
>
> Mr. Clifton has testified as to the problems that he had after the second surgery that he had not had after the first injury and the first surgery, including problems with falling, numbness and so forth.
>
> Reading Dr. Hodges' deposition it does not appear that he's saying that Mr. Clifton has a 10 percent medical impairment as a result of both injuries. He is saying he has a 10 percent medical impairment as a result of the second inju-

ry, without regard to the fact that he had a prior injury as this same level.

Based on that 10 percent impairment, the Court would find that Mr. Clifton has a 20 percent disability to the body as a whole.

Our de novo review of the record shows that the evidence does not preponderate against the trial court's findings. The trial court apparently did not credit Dr. Hodges' testimony that the AMA Guidelines provide for only one rating of 10% for "a lifetime of problems that would be related to [the injury at that level]."[1] Neither Dr. Hodges nor counsel for the defendant was able to point to a provision of the AMA Guidelines supporting this interpretation. The trial court was not required to accept all of Dr. Hodges' testimony. *See, e.g., State v. Bolin,* 922 S.W.2d 870, 875 (Tenn. 1996) ("the [fact finder] is free to believe only part of a witness' testimony"). Although we are free to draw our conclusions concerning the credibility of testimony presented by deposition, *see, e.g., McIlvain v. Russell Stover Candies, Inc.,* 996 S.W.2d 179, 183 (Tenn.1999), we find no justification on this record to depart from the trial court's ruling that in effect gave no weight to a portion of Dr. Hodges' testimony.

Dr. Oh's 10% medical impairment rating for Mr. Clifton's second injury lends further support to the trial court's ruling. Dr. Oh is certified by the American Board of Independent Medical examiners as is Dr. Hodges. Dr. Oh assessed a 10% medical impairment rating based on the AMA Guidelines for a recurrent disc herniation. His impairment rating did not "consider the first-the September 1995 injury at all." It is clear, however, that Dr. Oh was aware of the first injury but believed that the additional 10% rating was proper. Because Mr. Clifton had gone back to work

---

1. Mr. Clifton filed a motion in limine to exclude Dr. Hodges' revised opinion, alleging it was "based on speculation and conjecture and [was] not substantiated by *The American Medical Association Guides to the Evaluation of Permanent Impairment."* The record does not reveal the trial court's ruling on the motion in limine. The trial court's holding, however, implies either that Dr. Hodges' testimony was excluded as requested by the motion in limine or that the testimony was found not to be credible.

full-time after the surgery and indicated he had no problems, Dr. Oh stated that Clifton had recovered from his first surgery.

While the trial court declined to award discretionary costs associated with Dr. Oh's testimony because the court expressly did not rely on Dr. Oh's deposition, that testimony is nevertheless part of the record and subject to our de novo review. We find that Dr. Oh's testimony, whether relied upon by the trial court or not, supports Dr. Hodges' initial finding and the trial court's conclusion. Accordingly, we find that the record does not preponderate against the trial court's finding of a 10% medical impairment resulting from Mr. Clifton's second injury.

We also conclude that our decision in *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677 (Tenn.1998), is inapposite to this case. In that case, Mr. Parks suffered a total of four compensable back injuries over a period of time, having returned to work after each injury. The evidence showed that Mr. Parks had a total medical impairment rating of 15% for all of his back injuries. His impairment for the fourth injury comprised only 2% of that total. The trial court, however, applied the 2.5 statutory multiplier found at Tenn.Code Ann. § 50–6–241(a)(1) to the 15% impairment rating rather than the 2% rating. The court consequently awarded 37.5% permanent partial disability to the body as a whole for the fourth injury.

We held in *Parks* that under the plain language of Tenn.Code Ann. § 50–6–207(3)(F), "[a]n employee who has received compensation for prior injuries based on a percentage of disability to the body as a whole and is later injured shall be paid 'only for the degree of permanent disability that results from the subsequent injury.'" *Parks*, 974 S.W.2d at 679. Accordingly, Mr. Parks was entitled to have the 2.5 statutory multiplier apply to only the 2% rating for his fourth injury.

■ In this case, Mr. Clifton's impairment rating for his second injury was found to be 10%. The trial court used that rating alone, in combination with all attendant circumstances, in awarding Mr. Clifton a 20% permanent partial disability. *See Cleek v. Wal–Mart Stores, Inc.*, 19 S.W.3d 770, 773 (Tenn.2000) ("The extent of vocational disability is a question of fact to be determined from all of the evidence, including lay and expert testimony."); *Nelson v. Wal–Mart Stores, Inc.*, 8 S.W.3d 625, 629 (Tenn.1999) (enumerating factors to be considered by court in determining vocational disability). The trial court did not, in violation of *Parks*, combine the impairment ratings of both injuries. The trial court's 20% disability award is within the statutory cap found at Tenn.Code Ann. § 50–6–241(a)(1). We conclude, based upon a thorough review of the record, that the evidence does not preponderate against an award of 20% permanent partial disability to the body as a whole. Accordingly, the trial court's judgment is affirmed in all respects.

## CONCLUSION

The record does not preponderate against the trial court's finding of a 10% impairment rating for the worker's second injury or the award of a 20% disability to the body as a whole. Accordingly, we reject the recommendation of the Special Workers' Compensation Appeals Panel and affirm the trial court's judgment in all respects. Costs of this appeal are taxed to Appellant, Komatsu America Manufacturing Corporation, for which execution may issue if necessary.

BARKER, J., not participating.