# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
September 9, 2008 Session

## STATE OF TENNESSEE v. VICKI HOGAN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-05140    Lee V. Coffee, Judge**

---

**No. W2007-01957-CCA-R3-CD  - Filed February 20, 2009**

---

A Shelby County Criminal Court jury convicted the appellant, Vicki Hogan, of driving under the influence (DUI) and DUI per se.  The trial court merged the convictions and sentenced the appellant to eleven months, twenty-nine days to be served as ten days in jail and the remainder on probation. On appeal, the appellant contends that both of her convictions should be reversed because the trial court improperly allowed the State to introduce into evidence the result of her breathalyzer test, which the Memphis Police Department administered more than three hours after her arrest, in direct contravention to the plain language of Tennessee Code Annotated section 55-10-406(a)(1).  Based upon the record and the parties' briefs, we conclude that the appellant's DUI per se conviction should be reversed.  However, the appellant has waived her claim regarding the DUI conviction because she failed to comply with Rule 24(c), Tennessee Rules of Appellate Procedure, which requires that an appellant's statement of the evidence convey a "complete account of what transpired with respect to those issues that are the bases of appeal."

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed in Part and Reversed in Part.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

James R. Nowlin, Memphis, Tennessee, for the appellant, Vicki Hogan.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William L. Gibbons, District Attorney General; and Kirby May, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I.  Factual Background

The appellant failed to include in the record for our review a transcript of the trial. However, pursuant to Tennessee Rule of Appellate Procedure 24(c), she included a statement of the evidence. According to the statement, the police arrested the appellant at 4:26 a.m. on November 25, 2005, for DUI. A Memphis police officer arrived on the scene to administer a breathalyzer test, but he decided not to give her the test because he knew her or her family. Subsequently, another officer arrived on the scene and administered the test to the appellant at 7:33 a.m. The appellant's blood alcohol content (BAC) was .113 percent, and the appellant was charged with DUI, DUI per se, and reckless driving. The jury convicted her of the DUI offenses and found her not guilty of reckless driving.

The record reflects that prior to trial, the appellant filed a motion to suppress the breathalyzer test result because the "results were not obtained within the requisite time which is a prerequisite to the admission of a blood alcohol test result." In the motion, the appellant cited Tennessee Code Annotated section 55-10-406(a)(1), which provides that in order for such test result to be admissible at trial, the test must be administered to a defendant within two hours after the defendant's initial detention or arrest. According to the motion, the police initially detained the appellant at 4:10 a.m. and arrested her at 4:26 a.m. However, an officer did not give her the breathalyzer test until 7:30 a.m.

At a pretrial motions hearing, the appellant argued that the statute was unambiguous and, therefore, that the trial court was required to apply its plain meaning and prohibit the State from introducing the breath test result into evidence. The State acknowledged that the test was given to the appellant approximately three hours after her arrest but argued that the trial court should find an exception to the two-hour time limit because "the officers did all they could do to follow the protocols they needed to, to protect the interest of the defendant." The trial court refused to find that an exception to the statute applied. Instead, the court found that the

> legislative intent as the Court remembers it, since it's one of the things that the Court as a member of the Tennessee Judicial Counsel reviews legislation that is proposed for the governor's signature, and one of the reasons for the statute was to account for situations in which a defendant may have been driving a car, leaves the scene of where a car may have been driven and there is some allegation that the defendant may have gone to some other location and consumed alcoholic beverages at some other location and that may have accounted for a consumption of alcohol that may not be reliable because the defendant may not have been driving and operating a car at a certain time frame and consumed alcohol within that time frame.

Given that no proof had been presented at the pretrial motions hearing that the appellant drank any alcohol after her arrest, the court concluded that the legislative intent behind the statute had been satisfied and that the breathalyzer test result was accurate. Therefore, the trial court denied the appellant's motion.

## II. Analysis

The appellant contends that the trial court erred by allowing the State to introduce the breathalyzer test result into evidence because an officer administered the test over three hours after her arrest and the test was inadmissible pursuant to Tennessee Code Annotated section 55-10-406(a)(1). She contends that her DUI per se conviction must be reversed because the test result was the only evidence that the alcohol concentration of her blood was .08 percent or more. She also contends that the test result prejudiced her regarding the DUI conviction because the trial court instructed the jury that if the jury concluded the result of the appellant's BAC was .08 percent or more, the jury could infer the appellant was too impaired to drive. The State concedes that the trial court erroneously allowed the test result to be admitted into evidence and that the appellant's DUI per se conviction must be reversed. However, the State argues that the appellant does not challenge her remaining DUI conviction and, therefore, that the conviction remains in effect. The State also contends that, in any event, the error was harmless. The appellant responds that she is challenging both convictions. We conclude that the appellant's DUI per se conviction should be reversed but that the appellant has waived her claim regarding the remaining DUI conviction because her statement of the evidence is insufficient for us to determine whether the appellant is entitled to relief.

Generally, a person commits DUI based on impairment when the person drives or is in physical control of a vehicle on any public road in this state while the person is under the influence of an intoxicant. Tenn. Code Ann.§ 55-10-401(a)(1). A person commits DUI per se when the person drives or is in physical control of a vehicle on any public road in this state while the alcohol concentration of the person's blood is 0.08 percent or more. Tenn. Code Ann.§ 55-10-401(a)(2). Tennessee Code Annotated section 55-10-406, the implied consent statute, provides as follows:

> Any person who drives a motor vehicle in this state is deemed to have given consent to a test or tests for the purpose of determining the alcoholic content of that person's blood, a test or tests for the purpose of determining the drug content of such person's blood, or both such tests. However, no such test or tests may be administered pursuant to this section, unless conducted at the direction of a law enforcement officer having reasonable grounds to believe such person was driving while under the influence of alcohol, a drug, any other intoxicant or any combination of alcohol, drugs, or other intoxicants as prohibited by § 55-10-401, or was violating the provisions of §§ 39-13-106, 39-13-213(a)(2) or 39-13-218. For the results of such test or tests to be admissible as evidence, it must first be established that all tests administered were administered to the person within two (2) hours following such person's arrest or initial detention.

Tenn. Code Ann. § 55-10-406(a)(1).

The State does not contest the appellant's claim that the officer administered the breathalyzer

test more than two hours after her arrest. Clearly, the test was inadmissible under the plain language of the implied consent statute. See Parks v. Tennessee Mun. League Risk Mgmt. Pool, 974 S.W.2d 677, 679 (Tenn. 1998) (providing that if the language of a statute is unambiguous, the court must apply its ordinary and plain meaning). As the State concedes, without any proof at trial that the appellant's BAC was .08 percent or more, the appellant's DUI per se conviction must be reversed.

The appellant also contends that the test result prejudiced her regarding the remaining DUI conviction because the trial court instructed the jury that if the jury concluded the result of the appellant's BAC was .08 percent or more, the jury could infer the appellant was too impaired to drive. The appellant raised this argument in her appellate brief. Nevertheless, we conclude that she has waived the issue.

The appellant included a copy of the trial court's written jury instructions in the appellate record. According to the instructions, the trial court instructed the jury on Tennessee Pattern Jury Instruction 38.05--Criminal (11th ed. 2007), the inference for DUI by impairment which may be drawn from the fact that the appellant had a blood alcohol level of .08 percent or more. Because the trial court improperly admitted the breathalyzer test result into evidence, it improperly instructed the jury on inferring the appellant's guilt from the test result. However, Tennessee Rule of Appellate Procedure 24(c) provides that if a transcript of the evidence is unavailable, the appellant must prepare a statement of the evidence. Furthermore, the statement "should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c). In this case, the appellant's statement of the evidence at trial consists of only eight sentences. In pertinent part, it states that the appellant was arrested on November 25, 2005, at 4:26 a.m. for driving under the influence; that an officer administered the breath test to her at 7:33 a.m.; and that the test result was .113. We note that in the appellant's brief, she contends that the underlying facts regarding the time of her arrest and the time of her breath test result were established in the pretrial motions hearing and are not in dispute. However, in her reply brief, the appellant contends that the State "implicitly asks this appellate court to assume that the testimony at the motion to suppress was the same at trial. To make such an assumption would be improper." We agree with the appellant's latter assertion, and without any information as to what evidence the jury considered at trial in convicting her of DUI, we cannot assess the harm of the improper instruction. Therefore, we conclude that the appellant has waived any consideration of this issue on appeal.

### III.  Conclusion

Based upon the record and the parties' briefs, the appellant's DUI per se conviction is reversed and the charge is dismissed. The appellant's DUI conviction is affirmed.

_____
NORMA McGEE OGLE, JUDGE