# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 21, 2010 Session

## KAREN MICHELLE PEARSON v. PAUL JASON PEARSON

**Appeal from the Circuit Court for Greene County**
**No. 09-CV-114       Kindall T. Lawson, Judge**

---

**No. E2009-00856-COA-R3-CV - FILED JUNE 17, 2010**

---

This appeal arises from the dismissal of an ex parte order of protection filed by Wife. After finding that Wife failed to prove the allegations in the petition by a preponderance of the evidence, the trial court dismissed the order of protection and assessed the costs against Wife. Wife appeals. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR. and D. MICHAEL SWINEY, JJ., joined.

Deborah A. Yeomans, Legal Aid of East Tennessee, Johnson City, Tennessee, for the appellant, Karen Michelle Pearson.

Paul Jason Pearson, Greeneville, Tennessee, pro se appellee.[1]

## I. BACKGROUND

Karen M. Pearson ("Wife"/"Petitioner") filed a Petition for Order of Protection ("Petition") against Paul J. Pearson ("Husband"/"Respondent") and obtained an Ex Parte Order of Protection pursuant to Tenn. Code Ann. § 36-3-601, et seq. on March 2, 2009.

Three weeks later, there was a hearing regarding the Petition. The trial court dismissed the Petition and found that Wife "failed to prove by a preponderance of the evidence the allegations contained in the [Petition]." The trial court also taxed the costs and

---

[1]Appellee did not file a brief on appeal.

litigation tax against Wife. Wife appeals, claiming that the trial court improperly taxed the costs to her.

## II. ISSUE PRESENTED

The sole issue on appeal is whether Tenn. Code Ann. § 36-3-617(a) permits the trial court to tax the costs associated with the prosecution of an order of protection against Wife, the petitioner, after dismissing the Petition.

## III. STANDARD OF REVIEW

Statutory construction is a question of law that this court reviews de novo without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009) (citations omitted). When interpreting statutes, a reviewing court must ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning or application. *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998). The court must examine the language of the statute, and if unambiguous, apply its ordinary and plain meaning. *Id*.; *see also Niziol v. Lockheed Martin Energy Sys., Inc.*, 8 S.W.3d 622, 624 (Tenn. 1999). If the language of the statute is ambiguous, the court must examine the entire statutory scheme and relevant legislative history to ascertain and give effect to the legislative intent. *Parks*, 974 S.W.2d at 679.

## IV. DISCUSSION

Wife contends that Tenn. Code Ann. § 36-3-617(a) does not permit the trial court to assess the costs associated with the prosecution of an order of protection against her. Section 36-3-617(a) provides:

> Notwithstanding any other law to the contrary, *no petitioner shall be required to bear the costs*, including any court costs, filing fees, litigation taxes or any other costs, associated with the filing, issuance, registration, service, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order whether issued inside or outside the state. If the court, after the hearing, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent.

Tenn. Code Ann. § 36-3-617(a) (Supp. 2008) (emphasis added).[2] Tenn. Code Ann. § 36-3-601(7) defines "petitioner" as: "the person alleging domestic abuse, sexual assault or stalking in a petition for an order for protection." Tenn. Code Ann. § 36-3-601(7) (Supp. 2008). We find no previous cases dealing with this specific issue. Nevertheless, this court has previously noted the mandatory nature of Tenn. Code Ann. § 36-3-617(a). *See Jones v. Rusch-Jones*, No. E2006-01998-COA-R3-CV, 2007 WL 2067758, at *3 (Tenn. Ct. App. E.S., July 19, 2007) (upholding the trial court's award of costs and attorney fees incurred in the prosecution of an order of protection to the petitioner and noting the "unequivocal and mandatory language of the statute. . . .").

In the instant case, Wife qualifies as the petitioner within the meaning of Tenn. Code Ann. § 36-3-601(7). Wife filed the Petition alleging sexual assault and stalking and obtained an Ex Parte Order of Protection. The trial court did not tax the costs against Husband because of Wife's failure to prove her allegations. Generally, a court holds the discretion to assess costs. *See Perdue v. Green Branch Min. Co.*, 837 S.W.2d 56, 60 (Tenn. 1992); *Progressive Cas. Ins. Co. v. Chapin*, 243 S.W.3d 553, 561 (Tenn. Ct. App. 2007). However, Tenn. Code Ann. § 36-3-617(a) does not afford the trial court with such discretion. In fact, a trial court only can assess costs against the respondent if the court issues or extends an order of protection. *See* Tenn. Code Ann. § 36-3-617(a). Under the rules of statutory construction, we apply the plain and ordinary meaning of the words used. *Lanier v. Rains*, 229 S.W.3d 656, 661 (Tenn. 2007); *Parks*, 974 S.W.2d at 679; *see also JJ & TK Corp. v. Bd. of Comm'rs*, 149 S.W.3d 628, 631 (Tenn. Ct. App. 2004) (explaining that when a statute uses the word "shall," it is generally construed as being mandatory) (citation omitted). The unequivocal language of Section 36-3-617(a) leads to only one conclusion: the trial court cannot assess costs against a petitioner in the prosecution of an order of protection. Therefore, Wife, the petitioner in this case, is not required to bear the costs associated with the filing of the Petition.

The trial court erred in taxing the costs incurred in the prosecution of an order of protection against Wife. Accordingly, we reverse.

---

[2]We cite the 2008 version of Tenn. Code Ann. § 36-3-617(a) because it was the statute in effect at the time of filing the Petition. The 2009 Amendment to Section 36-3-617(a) went into effect on May 20, 2009, three months after the Petition was filed. The 2009 Amendment, in the first sentence of subsection (a), substituted "no victim" for "no petitioner" and inserted "dismissal or nonsuit."

## V. CONCLUSION

The trial court's judgment with respect to taxing the costs against Wife is reversed. We remand this cause to the trial court for further proceedings pursuant to applicable law. Costs on appeal are taxed to neither party.

_____
JOHN W. McCLARTY, JUDGE