# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 2, 2011 Session

## CALVIN GRAY MILLS, JR. ET AL. V. FULMARQUE, INC.

**Appeal by Permission from the Court of Appeals, Western Section**
**Circuit Court for Shelby County**
**No. CT-005990-05     Lorrie K. Ridder, Judge**

---

**No. W2010-00933-SC-R11-CV - Filed February 24, 2012**

---

GARY R. WADE, J., dissenting.

Because I would have affirmed the decision of the Court of Appeals, I respectfully dissent. Unlike the majority, I do not interpret Tennessee Code Annotated section 20-1-119 as precluding successive ninety-day windows for the purpose of adding additional parties identified as comparative tortfeasors by defendants already in the lawsuit.

## I.

Tennessee Code Annotated section 20-1-119(a) (2009) provides, in its entirety, as follows:

(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

(1) Amend the complaint to add the person as a defendant pursuant to

Tenn. R. Civ. P. 15 and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint. <u>If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a)</u>.

(Emphasis added).

Thus, if a defendant named "within the applicable statute of limitations" identifies in his answer another tortfeasor against whom a cause of action would otherwise be barred by the statute of limitations, a plaintiff can either add the comparative tortfeasor to the current suit or file a separate action against that individual or entity within ninety days of the filing. Subsection (a)(2) provides that if a plaintiff chooses to file a separate action against the newly-identified tortfeasor, "the complaint so filed shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a)." Tenn. Code Ann. § 20-1-119(a)(2). In other words, if a separate cause of action is filed, a plaintiff cannot take advantage of subsection (a) a second time in the event that the new defendant identifies yet another comparative tortfeasor. The statute does not, however, contain any such limitation if a plaintiff elects to amend his original complaint. "[W]here the legislature includes particular language in one section of the statute but omits it in another section of the same act, it is presumed that the legislature acted purposefully in including or excluding that particular subject." <u>State v. Edmondson</u>, 231 S.W.3d 925, 927 (Tenn. 2007) (quoting <u>State v. Hawk</u>, 170 S.W.3d 547, 551 (Tenn. 2005)) (internal quotation marks omitted). Because the statute clearly prohibits successive windows where a new complaint is filed, but does not address the issue where the plaintiff chooses to amend, the application of the above-stated rule of statutory construction suggests that this provision should be interpreted to permit a successive ninety-day window where the plaintiff elects to amend a complaint.

Subsection (c) offers further support for the interpretation made by our Court of Appeals in this case. This subsection provides that Tennessee Code Annotated section 20-1-119 "shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, <u>other than as provided in subsection (a)</u>," Tenn. Code Ann. § 20-1-119(c) (emphasis added), thereby illustrating that the "applicable

statute of limitations" is subject to modification, and where a defendant subsequently names a comparative tortfeasor outside of the original statute of limitations, the additional ninety days afforded by Tennessee Code Annotated section 20-1-119(a) extends the "applicable statute of limitations." When added as a defendant within that ninety days, the new defendant qualifies as having been named "in an amended complaint filed within the applicable statute of limitations." Tenn. Code Ann. § 20-1-119(a). I would, therefore, agree with the rationale of the Court of Appeals that there are two applicable statutes of limitations at play: first, "the original defendant must be named within the statute of limitations for the underlying action—the 'statute of limitations' 'applicable' to [the original defendant]—[and second,] a comparative tortfeasor must be named within ninety days from the answer alleging his fault, the 'statute of limitations' 'applicable' to [the comparative tortfeasor]." Mills v. Fulmarque, No. W2010-00933-COA-R3-CV, 2010 WL 5449839, at *5 (Tenn. Ct. App. Dec. 23, 2010).

Of course, the ninety-day window is not a statute of limitations in and of itself. Like the Court of Appeals in McCullough v. Johnson City Emergency Physicians, 106 S.W.3d 36, 46 (Tenn. Ct. App. 2002), I view Tennessee Code Annotated section 20-1-119 as "toll[ing] the statute of limitations." See also Austin v. State, 222 S.W.3d 354, 355 (Tenn. 2007) (describing the ninety days as an "extension of the statute of limitations"). Because the statute has been tolled, a defendant added within the ninety-day window falls "within the applicable statute of limitations." Tenn. Code Ann. § 20-1-119; see McCullough, 106 S.W.3d at 46. In essence, the underlying statute of limitations is extended for ninety days from the time the comparative tortfeasor is identified in a responsive pleading. Austin, 222 S.W.3d at 355. Regardless of the label attached to the ninety-day window—whether it is termed a grace period or a tolling of the statute of limitations—the effect is the same: the statute of limitations does not bar an action pursuant to section 20-1-119, even when a successive tortfeasor is added outside of the governing statute of limitations, so long as it is within the ninety-day window. According to Black's Law Dictionary, "toll" means "to stop the running of." Black's Law Dictionary 1625 (9th ed. 2009). The ninety-day period afforded by section 20-1-119 does precisely that—stop the running of the underlying statute of limitations.

The majority relies on a treatise indicating that "the 90-day grace period . . . does not apply to allegations of fault against nonparties made by a defendant who was not sued within the original statute of limitations applicable to the claim." 17 John

-3-

A. Day et al., <u>Tenn. Practice: Tennessee Law of Comparative Fault</u> § 5.5 (2011). Interestingly, these commentators cite <u>McCullough</u> as the basis for their conclusion. As indicated, however, <u>McCullough</u> interpreted section 20-1-119 as tolling the statute of limitations, implying that a party sued during the tolling period was properly added as a defendant "within the applicable statute of limitations."

## II.

At a minimum, the language in subsections (a)(2) and (c) makes the statute ambiguous as to whether it permits only one ninety-day window. When a statute is ambiguous, our courts must examine other sources for assistance in the interpretation. <u>See</u> <u>Parks v. Tenn. Mun. League Risk Mgmt. Pool</u>, 974 S.W.2d 677, 679 (Tenn. 1998). The "objective and spirit behind the legislation" is often a controlling guide. <u>Lipscomb v. Doe</u>, 32 S.W.3d 840, 845 (Tenn. 2000).

In <u>McIntyre v. Balentine</u>, 833 S.W.2d 52, 58 (Tenn. 1992), the landmark decision on comparative fault, this Court observed that "fairness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought." This doctrine, however, resulted in a "predicament for some plaintiffs because a defendant could plead the fault of a nonparty after the statute of limitations had run against that nonparty, thus preventing the plaintiff from adding the nonparty to the suit." <u>Browder v. Morris</u>, 975 S.W.2d 308, 310 (Tenn. 1998). Tennessee Code Annotated section 20-1-119 was enacted to address this predicament. <u>Id.</u> Its purpose is to provide "an injured party with a fair opportunity to bring before the court all persons who caused or contributed to the party's injuries." <u>Austin</u>, 222 S.W.3d at 357 (quoting <u>Townes v. Sunbeam Oster Co.</u>, 50 S.W.3d 446, 451 (Tenn. Ct. App. 2001)). Because of this overarching purpose, the statute should be construed liberally in "a manner consistent with the concepts of fairness and efficiency that underlie the comparative fault system." <u>Austin</u>, 222 S.W.3d at 357. Importantly, and as this Court has observed,

> [i]t is neither fair nor efficient in a comparative fault scheme to permit a defendant to identify a financially or legally responsible nonparty after the statute of limitations has run against that nonparty, yet deny the plaintiff an opportunity to join them as a defendant. . . . To require as a matter of law that such nonparties be left out of the suit after being identified by a defendant is not consistent with notions of fairness and

efficiency, as the plaintiff will be forced to bear the loss for any liability that it fails or is unable to assert and any judgment that cannot be enforced.

Browder, 975 S.W.2d at 312 (footnote omitted).

The legislative history also sheds light on this issue. Speaking in the Senate Judiciary Committee, Senator Keith Jordan explained that the statute permits plaintiffs to "amend the pleading to add as an additional defendant the individual identified by the original defendant or a defendant sued appropriately." Hearing on S.B. 32 Before the S. Judiciary Comm., 98th Gen. Assemb. (Tenn. 1993) (statement of Sen. Jordan, Member, S. Judiciary Comm.) (emphasis added). In my assessment, a party added as a defendant by application of the ninety-day window qualifies as a "defendant sued appropriately." Hence, based on the comments of Senator Jordan, when this appropriately-sued defendant identifies even another potential tortfeasor, section 20-1-119 would appear to permit a successive ninety-day window for yet another amendment.

**Conclusion**

The language of subsections (a)(2) and (c), the respective goals of the statute and the comparative fault scheme, and the legislative history, lead me to conclude that the Court of Appeals properly interpreted Tennessee Code Annotated section 20-1-119. I would hold that the statute allows a successive ninety-day window for a plaintiff who amends his or her complaint within ninety days after the identification of an additional comparative tortfeasor.

_____
GARY R. WADE, JUSTICE