# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 26, 2013

## STATE OF TENNESSEE v. BEAU CLAYTON EPPERSON

**Direct Appeal from the Circuit Court for Sevier County**
**No. 15662-II     Richard R. Vance, Judge**

_____

**No. E2012-00268-CCA-R3-CD - Filed June 28, 2013**

_____

Defendant, Beau Clayton Epperson, entered a "best interest" guilty plea in the Circuit Court of Sevier County to the offense of domestic assault, a Class A misdemeanor. There was no negotiated plea agreement as to the length or manner of service of the sentence. Following a sentencing hearing, the trial court announced the following sentence: eleven (11) months, twenty-nine (29) days in the county jail, specifying that under the "sentencing structure" the sentence was to be "one hundred percent of seventy-five percent of eleven months and twenty-nine days." The trial court declined to grant a fully suspended sentence, but imposed a sentence of split confinement, with ninety (90) days to be served by incarceration, with the balance of the sentence suspended, to be served on supervised probation. Pursuant to Tennessee Code Annotated section 40-35-303(c)(2)(B), the trial court ordered the probationary period to be two (2) years. Defendant has raised two issues on appeal. First, he asserts that the trial court imposed an illegal sentence which exceeded the maximum statutory allowable sentence. Second, he argues the trial court erroneously ordered a two-year probationary period when it failed to make mandatory findings of fact. After a thorough review we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. NORMA MCGEE OGLE, J., filed a concurring opinion.

Bryce W. McKenzie, Sevierville, Tennessee, (on appeal), and Dennis Campbell, Sevierville, Tennessee, (at trial), for the appellant, Beau Clayton Epperson.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; James B. (Jimmy) Dunn, District Attorney General; Ashley D. McDermott,

Assistant District Attorney General; and George Ioannides, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Background

Defendant's statement of the issues, set forth exactly as presented in his brief, are that,

I.      The trial court erred in ordering a sentence of 90 days' incarceration followed by two years of probation on a Class A misdemeanor.

      A.      The trial court illegally sentenced the Defendant in excess of the maximum allowable sentence.

      B.      The trial court erred by ordering two years' probation pursuant to code section 40-35-303(c)(2)(B) by failing to make the required findings of fact.

At first inspection of the statement of the issues, it appears Defendant might be challenging imposition of 90 days of incarceration rather than full probation or a period of confinement less than 90 days. However, the argument section of the brief contains no citations to legal authority or to the record in support of an argument that Defendant should receive full probation of his sentence of 11 months, 29 days. In fact, Defendant does not mention a request for a sentence of 11 months, 29 days, all suspended until the conclusion section of the brief wherein he asks for his relief on appeal. To the extent that it could be asserted that Defendant is challenging any period of incarceration involved in his sentence, that precise issue is waived pursuant to Rule of the Court of Criminal Appeals of Tennessee 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.")

Defendant's properly presented issues assert that the trial court imposed an illegal sentence unauthorized by statutory and case law and that the trial court made no required findings of fact before imposing an extended period of two years of supervised probation. Obviously, he does not argue that the trial court misinterpreted facts, or that evidence in the record does not support any of the factors which justify an extended period of probation. The nature of the issues properly preserved and asserted for appellate review results in only a brief summarization of the facts being necessary in this opinion. At the guilty plea hearing, the following transpired during the State's recitation of facts in support of the guilty plea.

PROSECUTOR: Your Honor, the facts in this case would be that [the female victim] and this defendant were dating for some time, Your Honor, and then on April 2 of 2010, they ended up at the Briarstone Inn in Pigeon Forge, Tennessee. Over the course of that day, Your Honor, and the night before, they had been together, been out to the Roaming Gnome. She would testify that he consumed some alcohol, that she consumed some alcohol.

She would testify, Your Honor, that that evening the defendant demanded sex from her. She refused. At that point he became violent and attacked her, Your Honor. She was pushed to the ground where, she would testify, that he stood over her and then in fact got down on her chest with a knee and held her down to the point where she couldn't breathe. She got out, came back to the room to collect some things. He threw her against a railing, she would testify.

She reported that to Officer Atchley. She went out to her vehicle, called the [sic] 911. Officer Atchley with the Pigeon Forge Police Department responded, took a written statement from her there in the parking lot where she had locked herself in the car.

Afterwards, Your Honor, she went to the hospital here at LeConte where the medical personnel documented that she sustained some minor injuries. That all happened here in Sevier County.

THE COURT: [To Defendant] If you had gone to trial is that what you would have expected the State's witnesses to say that you did?

-3-

THE DEFENDANT:      No, sir.  Yeah, oh, yeah.  I thought you meant – but yeah.

THE COURT:      Is there anything you want to ask me or tell me about before we go any farther at this point in time?

THE DEFENDANT:      No.

Pertinent to the trial court's findings of fact when imposing the sentence is the following evidence presented at the sentencing hearing.  The victim testified that approximately three months prior to the assault in Pigeon Forge, Defendant and the victim were living together in Ringgold, Georgia.  One day in January, Defendant became physically abusive to the victim, and became angry because she was not crying or showing fear.  Defendant pulled a handgun out of his sock drawer, cocked the gun, pointed it in her face and "asked [the victim] if [she] was scared now."  She testified that on the previous day, she and Defendant were in Sevier County to attend a magic show.  Defendant became angry at the victim and slammed her head against the car window while they sat inside the vehicle.

The victim testified that Defendant admitted to her that prior to being in a relationship with her he had used cocaine.  In her words, "[Defendant] used to be bad off on it and then when we got together I thought that our relationship had cleaned him up, but apparently not."  The victim identified a copy of an exchange of Facebook communications between Defendant and the victim after his arrest for the Pigeon Forge assault in this case, but prior to his guilty plea.  In addition to the communications by Defendant on Facebook, Defendant also sent text messages to the victim, who testified these messages conveyed that "He didn't want me to be here [in court].  That I didn't have to come, that I wouldn't get in trouble if I didn't show."  The Facebook communications by Defendant occurred on four different days between July 12, 2011, and November 12, 2011.  There were seventeen messages from Defendant, including the following on the indicated dates and times.  (Except where indicated by brackets, they are printed exactly as they were posted.)

(a)     October 28, 2:27 p.m. - R u goin to court in Nov LOL

(b)     October 28, 2:33 a.m. - Even if they serve you your not a defendant you don't have to show up you won't get in trouble call a lawyer and ask

(c)     November 1, 2:08 a.m. - Call me sometime if you want new number 423 [xxx-xxxx]

-4-

(d)     November 11, 2:10 a.m. - Hey [the victim], since you don't want to go thru with this just don't show up. This has impacted my life dramatically. I will be sure to bring your stuff and we will meet after court . . . . . . . If I'm free LOL seriously though.

Defendant testified that he did not point a gun at the victim while they were in their home in Ringgold, Georgia. He testified that he only took the handgun out of the drawer and placed it on top of the dresser "because I'm getting dressed ready for work." Defendant denied that he intentionally assaulted the victim at the motel in Pigeon Forge during the incident involved in the case *sub judice*. He testified that he removed the victim from his motel room after she refused his request for her to leave. He admitted that she hit the railing outside the hotel room door. He also admitted that he fell on top of the victim when the victim "came at [him]." Defendant, who was 24 years old, admitted that he had used cocaine once or twice when he was about seventeen years old. The trial court ordered Defendant to submit to a drug screen at the sentencing hearing, and the results were negative.

The following is a summary of the findings of fact made by the trial court at the conclusion of the sentencing hearing: Defendant had a history of prior criminal conduct including the use of cocaine and the assault while displaying a handgun upon the victim in Georgia. Defendant communicated with the victim in direct violation of the court's bail order. Defendant "flagrantly" encouraged the victim to not come to court to testify against him "even with her under subpoena." Immediately after reciting its findings of fact, the trial court imposed the following manner of service of the sentence of 11 months, 29 days:

> *So for all of these reasons*, the Court finds that straight probation is not in the best interest of justice, that confinement is necessary to avoid depreciating the seriousness of these offenses, and the Court will therefore order him to serve ninety days in the Sevier County jail, followed by supervised probation. And under the provisions of § 40-35-303 paragraph (c), subparagraph 2, sub-subparagraph (C), sub-subparagraph (i), orders that to be a two year probationary period. It's an eleven months/twenty-nine day sentence but under the sentencing act for domestic violence offenses the Court may impose probation up to two years. He is to perform one hundred hours of community service work.

(emphasis added).

## II. Analysis

### A. Defendant's argument that the trial court illegally sentenced defendant in excess of the maximum allowable sentence

Defendant argues that his sentence length is two (2) years and ninety (90) days, "far in excess" of the maximum allowable sentence for the Class A misdemeanor offense of domestic assault. Tennessee Code Annotated section 40-35-111(d)(1) provides that the maximum length of sentence for most Class A misdemeanors (including domestic assault) is eleven (11) months, twenty-nine (29) days. Normally, the period of probation which may be imposed by a trial court can not exceed "the statutory maximum time for the class of the conviction offense," Tenn. Code Ann. § 40-35-303(c)(1). *See Leslie Paul Hatfield v. Jim Morrow, Warden*, No. E2009-01127-CCA-R3-HC, 2010 WL 1486903 at *3 (Tenn. Crim. App. Apr. 14, 2010). However, pursuant to Tennessee Code Annotated section 40-35-303(c)(2)(B), the period of supervised probation can be increased for up to two years for certain offenses, including domestic assault. *See* Tenn. Code Ann. § 40-35-303(c)(2)(C)(i).

Defendant's assertion that the trial court imposed a *sentence* of two (2) years and ninety (90) days is erroneous. The sentence imposed was eleven (11) months and twenty-nine (29) days, with all but ninety (90) days suspended, subject to certain conditions, including a supervised probationary period of two (2) years. Defendant further asserts that the trial court could have sentenced him to serve eleven (11) months, twenty-nine (29) days with all or a part of the sentence suspended pursuant to Tennessee Code Annotated section 40-35-303(c)(1), **or** could have "sentenced" him to probation for two years pursuant to Tennessee Code Annotated section 40-35-303(c)(2)(B). In Defendant's words, "A trial court judge may not use both subsections and order partial confinement *and* two years' probation."

We respectfully conclude that Defendant's interpretation of the relevant provisions of Tennessee Code Annotated section 40-35-303 is incorrect. We interpret the provisions of Tennessee Code Annotated section 40-35-303 under well established guidelines set forth by our supreme court. Specifically the court has held,

> Statutory construction is a question of law that is reviewable on a de novo basis without any presumption of correctness. *Gleaves v. Checker Cab Transit Corp*., 15 S.W.3d 799, 802 (Tenn. 2000); *Myint v. Allstate Ins. Co*., 970 S.W.2d 920, 924 (Tenn. 1998). When dealing with statutory interpretation, well-defined precepts apply. Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res*., Inc., 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we

presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statue is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998). Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson*, 221 Tenn. 42, 424 S.W.2d 193, 196 (1968). Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. *Tenn. Elec. Power Co. v. City of Chattanooga*, 172 Tenn. 505, 114 S.W.2d 441, 444 (1937).

*In Re Estate of Tanner*, 295 S.W.3d 610, 613-14 (Tenn. 2009).

With these guidelines in mind, we agree with the State's argument that, "From a plain reading of the statute, a trial court may impose a period of partial confinement on a misdemeanor domestic assault conviction as well as a two-year probationary period." Defendant is not entitled to relief on this issue.

### B. The trial court erred by ordering two years' probation pursuant to [Tennessee Code Annotated] section 40-35-303(c)(2)(B) by failing to make the required findings of fact

Tennessee Code Annotated section 40-35-303(c)(2)(B) provides as follows:

(B)     Notwithstanding the provisions of subdivision (c)(2)(A), the judge may sentence a defendant convicted of any of the misdemeanor offenses set out in subdivision (c)(2)(C) to a period of probation not to exceed two (2) years, *if the judge finds that the period of probation is necessary*:

    (i)     For the defendant to complete any appropriate treatment program or programs, including, but not limited to, a sanctioned batterer's intervention program, an anger management program or any court-ordered drug or alcohol treatment program;

(ii)    To make restitution to the victim of the offense;

(iii)   To otherwise effect a change in the behavior of the defendant, including, but not limited to, imposing any of the conditions set forth in subsection (d); or

(iv)    To protect, and better ensure the safety of the victim or any other member of the victim's family or household, as set out in subsections (m) and (n).

(emphasis added).

The possibility of an extended period of probation applies to a conviction for domestic assault, Tenn. Code Ann. § 40-35-303(c)(2)(C)(i). Defendant asserts that the trial court made no specific finding of facts to justify an extended two-year period of probation. Defendant argues that the pertinent statute "predicates the extended probationary period upon a finding by the trial court of why extended probation is necessary." Defendant further argues that a trial court is not authorized to impose probation in excess of 11 months, 29 days unless the specific findings of fact are made by the trial court. The essence of Defendant's argument is that unless a trial court specifically states that a probationary period of excess of eleven (11) months and twenty-nine (29) days "is necessary" to accomplish one or more of the four factors in the statute, an extension of the probation is not allowed. The State disagrees. We agree with the State.

In this case, the trial court ordered Defendant to perform 100 hours of community service work, and he was also ordered to complete a Batterer's Intervention Program as conditions of his probation. It is correct that the trial court did not use the specific words from the statute that extended probation was "necessary" to accomplish the specified criteria. It would have been better for the trial court to have said that. However, after making its findings of fact, the trial court immediately stated, "so for all these reasons," (implicitly including violation of the bail order by communicating with the victim in addition to encouraging her to not come to court) the trial court ordered the manner of service of the sentence which included the extended period of probation "under the sentencing act for domestic violence offenses." We also note that, as pointed out by the State, the extended period of probation was reasonably necessary to allow Defendant sufficient time to comply with the conditions of probation. Decisions concerning probation or any other form of alternative sentence made by the trial court are reviewed by this court under the abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). The sentence imposed by the trial court and the manner

in which the sentence was imposed justifies affirmance under *Caudle.* Defendant is not entitled to relief on this issue.

## CONCLUSION

The judgment of the trial court is affirmed.


_____
THOMAS T. WOODALL, JUDGE