IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 6, 2021 Session

## STATE OF TENNESSEE v. GEORGE H. PERSON

**Appeal from the Circuit Court for Madison County**
**Nos. 20-80, 20-81   Roy B. Morgan, Jr., Judge**

_____

### No. W2020-00937-CCA-R3-CD

_____

The Defendant, George H. Person, pled guilty to two counts of driving after having been declared a motor vehicle habitual offender ("MVHO"), two counts of driving on a canceled, suspended, or revoked license, and a violation of the light law.  The Defendant's sentencing took place after an amendment to the statute that was the basis of his MVHO conviction went into effect, so that the Defendant's conduct was no longer criminalized and, concomitantly, triggered no penalty.  The trial court ruled that the Defendant was entitled to the lesser penalty of the amended statute under Tennessee Code Annotated section 39-11-112, and the State appeals.  We conclude that the savings statute applies and that the Legislature's act of removing punishment for the offense constitutes a lesser penalty.  Accordingly, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Jody Pickens, District Attorney General; and Lee R. Sparks, Assistant District Attorney General, for the appellee, State of Tennessee.

Jeremy Epperson (at plea), District Public Defender; and Brennan M. Wingerter (on appeal), Assistant Public Defender – Appellate Division, for the appellant, George H. Person.

# OPINION

## FACTUAL AND PROCEDURAL HISTORY

The Defendant's guilty pleas were the result of two traffic stops taking place prior to the amendment of the MVHO statute. According to the warrants and presentence report, on September 26, 2018, the Defendant committed no traffic infraction but was stopped after a police officer, unprompted, ran his license plate and discovered that the vehicle was registered to the Defendant and that the Defendant had been declared an MVHO. On March 21, 2019, the Defendant was stopped for driving without his headlights activated "during night[]time hours" and was discovered to be driving while his license was revoked after having been declared an MVHO. The Defendant was charged in two separate indictments with two counts of driving after having been declared an MVHO, two counts of driving on a canceled, suspended, or revoked license, and violation of the light law.

On May 24, 2019, the Legislature approved a law removing the statutory provisions related to the MVHO offense and replacing them with a means to reinstate a license previously revoked pursuant to the MVHO statute. 2019 Tenn. Pub. Acts, ch. 486, § 3. The relevant portion of the change deleted the entirety of Tennessee Code Annotated, Title 55, Chapter 10, Part 6. *Id.* The Legislature substituted instead a provision allowing a person whose license had been revoked solely due to the person's status as an MVHO to petition to reinstate his or her driver's license. *See* T.C.A. § 55-10-601 (Supp. 2019).

The entry of pleas and sentencing took place in 2020, after the effective date of the amendment to the MVHO statute. *See* 2019 Tenn. Pub. Acts, ch. 486, § 15; *State v. Marvin Maurice DeBerry*, No. W2019-01666-CCA-R3-CD, 2021 WL 1561688, at *5-6 (Tenn. Crim. App. Apr. 21, 2021). The Defendant entered guilty pleas to all charges with no agreement as to sentencing in place. The presentence report indicated that the Defendant maintained steady employment and that while he "did not make an official statement for this report, … he did say that he had been driving to work." The parties agreed at sentencing that the Defendant was a career offender, and according to the presentence report, several of the Defendant's prior felonies were for previous counts of driving after having been declared an MVHO. Defense counsel argued that the Defendant should benefit from the change in the MVHO law and that the savings statute in Tennessee Code Annotated section 39-11-112 should operate to reduce the Defendant's punishment and leave him with no penalty of incarceration. The trial court agreed that the savings statute would apply and entered judgments imposing no sentence on the MVHO convictions and imposing sentences of six months of probation for each driving on a revoked license conviction and a sentence of thirty days' probation for the

light law violation. The March 2019 sentences were to be served consecutively to the September 2018 sentence. The State appeals the trial court's decision to apply the savings statute to the MVHO offenses.

## ANALYSIS

On appeal, the State argues that the trial court erred in applying the savings statute when it imposed the sentences on the MVHO offenses. The Defendant responds that the State has no right of appeal from the trial court's decision and that the trial court was correct in its ruling. We conclude that the State has a right of appeal and that the trial court did not err in applying the savings statute. Accordingly, we affirm the judgments.

### I. Jurisdiction

The Defendant argues that the State cannot premise jurisdiction on the trial court's allegedly imposing a sentence outside the proper range because the State's argument is best understood as asserting that the sentence is illegal. The Defendant contends that if the sentence is illegal, we cannot review its illegality because the State has not filed a motion under Tennessee Rule of Criminal Procedure 36.1. The State counters that it has a right of appeal under Tennessee Code Annotated section 40-35-402(b). We conclude that the State has a right of appeal.

Initially, we reject the Defendant's contention that, because the State's argument encompasses the contention that the sentence was illegal, the State was precluded from raising the issue unless it filed a Rule 36.1 motion. The Defendant relies on *Moody v. State*, which concerned the availability of a writ of certiorari to a defendant seeking to challenge a trial court's denial of a motion to correct an illegal sentence. 160 S.W.3d 512, 516 (Tenn. 2005). The Tennessee Supreme Court held that the writ was unavailable because it could only be issued in the absence of a plain, speedy, or adequate remedy and because the defendant had such a remedy in the form of a habeas corpus petition. *Id.* Because *Moody* was decided prior to the adoption of Rule 36.1, was based on the statutory requirements of the writ of certiorari, and was based on the statutory availability of the writ of habeas corpus, it cannot conceivably stand for the proposition that Rule 36.1 provides the only mechanism to challenge the imposition of an illegal sentence. *Marvin Maurice DeBerry*, 2021 WL 1561688, at *2. *State v. Brown*, which affirmed that the State had an appeal as of right from a trial court's ruling on a Rule 36.1 motion, likewise does not support the proposition that the State was required to file a separate Rule 36.1 motion in order to raise the issue. 479 S.W.3d 200, 209 (Tenn. 2015). Accordingly, we reject the proposition that review is foreclosed because the State did not file a Rule 36.1 motion. *See State v. Julie Fuller, a.k.a. Julie Cole*, No. W2013-00900-CCA-R3-CD, 2014 WL 1669958, at *3 (Tenn. Crim. App. Apr. 25, 2014) (concluding

that the trial court erred in refusing to modify the defendant's sentence under Rule 35 when the original sentence was illegal); *see also State v. Roy Lee Sewell*, No. M2014-02060-CCA-R3-CD, 2015 WL 2393462, at \*2 (Tenn. Crim. App. May 18, 2015) (reviewing the revocation of the defendant's probation and upholding the trial court's sua sponte correction of an illegal sentence during the revocation because "trial courts have the authority to correct an illegal sentence at any time, even if it has become final" (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978), *superseded by statute on other grounds as stated in Brown*, 479 S.W.3d at 206)).

We turn then to the jurisdictional basis of the current appeal. The State has no right to appeal in a criminal prosecution "unless the right is expressly conferred by a constitutional provision or by statute." *State v. Meeks*, 262 S.W.3d 710, 718 (Tenn. 2008). A statute conferring a right of appeal to the State "will be strictly construed to apply only to the circumstances defined in the statute." *Id.* Tennessee Code Annotated section 40-35-402 provides that the State may appeal sentencing issues, including the length of sentence. T.C.A. § 40-35-402(a). The statute provides that the appeal should be limited to the grounds listed in subsection -402(b):

(1) The court improperly sentenced the defendant to the wrong sentence range;
(2) The court granted all or part of the sentence on probation;
(3) The court ordered all or part of the sentences to run concurrently;
(4) The court improperly found the defendant to be an especially mitigated offender;
(5) The court failed to impose the fines recommended by the jury;
(6) The court failed to order the defendant to make reasonable restitution; or
(7) The sentence is inconsistent with the purposes or considerations of sentencing set out in §§ 40-35-102 and 40-35-103.

T.C.A. § 40-35-402(b).

In *State v. Menke*, the State sought to appeal the trial court's sentencing of the defendant under the amended theft grading statute. 590 S.W.3d 455, 456 (Tenn. 2019). The Tennessee Supreme Court concluded that the trial court's determination of the proper sentencing range necessarily implicated a determination both regarding the offense classification and regarding offender classification, and that the State could properly appeal these determinations under Tennessee Code Annotated section 40-35-402(b)(1). *Id.* at 464. The State's argument here encompasses the assertion that, although the parties agreed regarding the Defendant's offender classification, the actual sentence imposed was not within the correct range. Addressing the same issue, this court has previously

determined that Tennessee Code Annotated section 40-35-402(b) provides a right of appeal to the State when the State was seeking to challenge the trial court's application of the savings statute to the revised MVHO offense. *See Marvin Maurice DeBerry*, 2021 WL 1561688, at *4. Accordingly, this court has jurisdiction to address the issue pursuant to Tennessee Code Annotated section 40-35-402(b).

## II. Application of the Savings Statute

The State asserts that the trial court erred by applying the savings statute and that the Defendant should have received a six-year sentence as a career offender. It asserts that the savings statute does not apply because there is no lesser penalty in the amended statute and that the legislative history is not favorable to the Defendant because the act amending the statute affected various statutory provisions. The Defendant counters that the trial court properly applied the savings statute because the Legislature provided a lesser penalty in amending the statute and that the legislative history demonstrates the intent of the amendment was to provide relief for those situated as the Defendant is situated. We agree that the absence of a penalty is a lesser penalty and that removing penalties from the offenses effectuates the intent of the Legislature. Accordingly, we affirm the trial court's judgment.

To determine whether the trial court properly applied the savings statute in reducing the Defendant's sentence, we must engage in statutory construction. The interpretation of a statute is a question of law reviewed de novo with no presumption of correctness. *State v. McNack*, 356 S.W.3d 906, 908 (Tenn. 2011); *see State v. Tolle*, 591 S.W.3d 539, 544 (Tenn. 2019) (reviewing de novo a question of statutory interpretation which was the basis for the trial court's granting of a Rule 35 motion). "The most basic principle of statutory construction is to ascertain and give effect to legislative intent without broadening the statute beyond its intended scope." *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009). "We presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing." *State v. Sherman*, 266 S.W.3d 395, 401 (Tenn. 2008). "Penal statutes are to be construed giving fair import of their terms in a way which promotes justice and effectuates the objectives of the criminal code." *Id.* (citing T.C.A. § 39-11-104 (2006)). When statutory language is clear, the court must apply the statute's plain meaning. *Id.* "When a statute is ambiguous, however, we may reference the broader statutory scheme, the history of the legislation, or other sources." *Id.* (citing *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998)). We presume the Legislature is aware of its own prior enactments and the state of the law at the time of the passage of legislation. *Id.*

The Defendant's convictions were the result of a violation of Tennessee Code Annotated section 55-10-616, prohibiting driving after having been declared an MVHO. T.C.A. § 55-10-616(b) (2018). Under the prior version of the MVHO Act, if the court found that the defendant was a habitual offender, it was required to "make an order directing that the person shall not operate a motor vehicle on the highways of this state and that the person shall surrender to the court all licenses to operate a motor vehicle upon the highways of this state." T.C.A. § 55-10-613(a) (2018). The Defendant had been declared a habitual offender and had accordingly lost the privilege of driving. At the time of the offenses, the statute provided that "[a]ny person found to be an habitual offender under this part who thereafter is convicted of operating a motor vehicle in this state while the judgment or order of the court prohibiting such operation is in effect commits a Class E felony." T.C.A. § 55-10-616(b) (2018).

On May 24, 2019, the Legislature passed a law including the following language:

SECTION 3. Tennessee Code Annotated, Title 55, Chapter 10, Part 6, is amended by deleting the part and substituting instead the following:

A person whose driver license has been revoked or restricted due solely to the person's status as a motor vehicle habitual offender prior to July 1, 2019, may petition the court that originally made such a finding to reinstate the person's driver license. Upon receiving a petition for a reinstated driver license, the court shall determine whether the person's driver license was subject to revocation or restriction under prior law due solely to the person's status as a motor vehicle habitual offender and, if so, order the reinstatement of the person's driver license. The person may provide a copy of the court's order to the department of safety, which shall then reissue the person's driver license without restriction.

2019 Tenn. Pub. Acts, ch. 486, § 3. The parties dispute whether the Defendant may benefit from this change in the law.

A statute is generally presumed to apply prospectively in the absence of clear legislative intent to the contrary. *Van Tran v. State*, 66 S.W.3d 790, 797-98 (Tenn. 2001). However, Tennessee Code Annotated section 39-11-112, the savings statute, addresses "Repealed or amended statutes; prosecution." Section 112 provides:

When a penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, the offense, as defined by the statute or act being repealed or amended, committed while the statute or act was in full force and effect shall be prosecuted under the act or statute in

effect at the time of the commission of the offense. Except as provided under § 40-35-117, in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

T.C.A. § 39-11-112.

We are called to interpret whether the phrase "lesser penalty" applies to the revised MVHO Act. The savings statute governs the prosecution of a defendant when the statute criminalizing his or her conduct has been amended, and it contemplates two situations. When a penal statute is repealed or amended, an offense committed while the statute was in effect "shall be prosecuted under the act or statute in effect at the time of the commission of the offense." T.C.A. § 39-11-112. However, there is an exception to the application of the prior law: "in the event the subsequent act provides for a lesser penalty," a defendant is entitled to the benefit of a lesser penalty. *Id.* The State asserts that the Defendant was not entitled to the application of this provision because there is no lesser penalty, as the offense has been decriminalized. The Defendant asserts that the amended statute constitutes a lesser penalty.

This court was presented with the same question in *Marvin Maurice Deberry*. There, we concluded that the parties offered "two reasonable statutory interpretations" of this provision of the savings statute. *Marvin Maurice Deberry*, 2021 WL 1561688, at *8; *see Powers v. State*, 343 S.W.3d 36, 50 n.20 (Tenn. 2011) (noting that, while an ambiguity cannot be manufactured by a nonsensical interpretation, two reasonable interpretations of a statute demonstrate an ambiguity). Concluding that the statute was ambiguous, we examined the legislative history of the amendment to the MVHO statute. *Marvin Maurice Deberry*, 2021 WL 1561688, at *8. Here, we likewise conclude that the phrase "lesser penalty" is ambiguous because its application to the provision removing all punishment for the MVHO offense is subject to reasonable debate.

In *Marvin Maurice Deberry*, we concluded that the legislative history indicated that the purpose of the bill was to provide a lesser penalty. *Id.* We observed that the history of the bill "demonstrates that the Legislature intended to provide for a decreased punishment" by revising the MVHO statute. *Id.* We noted that the bill's sponsors in the Senate and House of Representatives both observed that the bill was meant to decrease some penalties and increase others. *Id.* In particular, we noted that the bill was presented to provide relief for those situated precisely as the Defendant in this case is situated:

To the Senate Finance, Ways, and Means Committee, Senator [John] Stevens summarized the history of the statute, noting that the original intent of the MVHO Act was to provide law enforcement with a tool for

addressing multiple motor vehicle offenders but that laws prohibiting driving under the influence now provided sufficient penalties. He implied that circumstances similar to those under which the Defendant was charged supported the elimination of the MVHO penalties: "People are still driving, but now they are just driving illegally as they are trying to provide for their family...." He characterized the bill as "a reduction in the criminal code." Prior to the passage of the bill in the Senate, Senator Stevens reiterated that the new statute was intended to provide relief for those who, like the Defendant, "would just continue to drive illegally either going to work or something like that because they would have their license lost."

*Id.* Senator Stevens noted in the Judiciary Committee meeting that the law would decrease some penalties and increase others, and he put the amendment to the MVHO statute in the category of decreased penalties. *Id.*

Here, the Defendant was charged with two counts of driving after having been declared an MVHO. The Defendant committed no traffic infraction on one of the occasions and on the other did not have his headlights on "during night[]time hours." According to the presentence report, the Defendant maintained long-term steady employment, and he was traveling to work at the time he was stopped. This court must attempt to give effect to the Legislature's intent, *Carter*, 279 S.W.3d at 564, and we conclude that legislative history overwhelmingly demonstrates the desire of the Legislature to provide relief to those who would otherwise be subject to greater penalties under the MVHO statute. In particular, the Legislature sought to avoid punishing those who had been declared habitual offenders and continued driving to pursue their livelihood, as the Defendant was doing.

We note that the Tennessee Supreme Court has previously given defendants the benefit of the lesser of two punishments when the alteration of a statute resulted in a lighter penalty. In *State v. Pearson*, the Tennessee Supreme Court concluded that, for an offender who committed an offense prior to the passage of the 1989 Sentencing Act but was sentenced after the effective date, the court "must calculate the appropriate sentence under both the 1982 statute and the 1989 statute, in their entirety, and then impose the lesser sentence of the two." 858 S.W.2d 879, 884 (Tenn. 1993). Likewise, in *Menke*, the Tennessee Supreme Court concluded that the amendment of the theft grading statute imposed a lesser punishment under the savings statute. *Menke*, 590 S.W.3d at 468. The *Menke* court concluded that "[u]nder the language of the Criminal Savings Statute, a clear legislative directive regarding retroactive application is not required for a defendant to benefit from the lesser punishment imposed by the subsequent act." *Id.* at 470 (citing Tenn. Code Ann. § 39-11-112). Here, we likewise conclude that, even in absence of a

clear direction for retroactive application, the Defendant may benefit from the lesser punishment under the savings statute.

Because we determine that no penalty is a lesser penalty under the savings statute, we conclude that the trial court did not err in applying the lesser punishments to the Defendant's convictions. *See Amber Jones, et al., v. Kent Coleman, et al.*, No. 3:16-CV-00677, 2017 WL 3025596, at *3 (M.D. Tenn. July 14, 2017) (concluding that the plaintiffs' claims were moot in part because the law they were challenging, under which they feared they could be fined for acts committed while the law was in place, had been repealed, and the new law provided no penalties under the savings statute), *aff'd sub nom. Jones v. Haynes*, 736 Fed. App'x 585 (6th Cir. 2018); *compare State v. Ariel Ben Sherman and Jacqueline P. Crank*, No. E2006-01226-CCA-R3-CD, 2007 WL 2011032, at **2, 4 (Tenn. Crim. App. July 12, 2007) (concluding the defendants could be prosecuted under a repealed statute despite their argument that zero punishment was a lesser penalty), *aff'd by Sherman*, 266 S.W.3d at 401 n.5 (noting that this court had concluded that the savings statute applied to preserve prosecution under the former version of the statute and observing that the issue was "not before [the Tennessee Supreme] Court"). Accordingly, we affirm the trial court's determination that the Legislature's act of reducing the penalty to nothing constituted the imposition of a lesser penalty under the savings statute.

## CONCLUSION

Based on the foregoing reasoning, we affirm the trial court's judgments.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE